CHARLES B. KRESS, COUNTY DRAIN COMMISSIONER, v. JOSIAH T. HAMMOND, PROBATE JUDGE OF JACKSON COUNTY.

*Drains—Condemnation of lands—Necessity—Disagreement of jury —New jury.*

Where in proceedings under the drain law of 1885 (Act No. 227), as amended by Act No. 187, Laws of 1891, the jury are unable to agree, and are discharged, the probate judge has the power, and it is his duty upon the request of the county drain commissioner and any party interested in the lands to be taken, to impanel a new jury in the same proceeding.

*Mandamus.* Argued May 10, 1892. Granted June 17, 1892.

Relator applied for *mandamus* to compel the respondent to impanel a new jury in proceedings under the drain law, on the discharge of the original jury because unable to agree. The facts are stated in the opinion.

*A. E. Hewett* and *Eugene Pringle,* for relator.

*Thomas E. Barkworth,* for respondent.

LONG, J. The petitioner is county drain commissioner

for the county of Jackson. Proceedings were instituted by him in September, 1891, as county drain commissioner, upon a proper application, for the construction of a drain in the township of Spring Arbor, of that county. The proceedings were regularly conducted and continued to the impaneling of a jury of 12 freeholders upon petition to the probate court of that county. This jury were unable to agree, and were discharged therefor by the probate court. Efforts were thereupon made to continue the proceedings by impaneling a new jury. Mr. Tupper, a person interested in the drain, applied to the judge of probate to order the preparation of a new jury list, and for the striking of a new jury. The county drain commissioner made a like application, and asked to have all proceedings, after the filing of his petition for the appointment of commissioners, set aside, and to proceed anew from that point. These applications were denied by the probate judge upon the sole ground that he was of the opinion that the statute gave him no authority to proceed further in the matter. This application is for *mandamus* to compel the judge of probate of Jackson county to cause to be prepared a new jury list and impanel a new jury in that proceeding. The facts are conceded by the answer.

We think the probate judge in error in his construction of this statute. Section 2, art. 18, of the Constitution, provides:

" When private property is taken for the use or benefit of the public, the necessity for using such property, and the just compensation to be made therefor, except when to be made by the State, shall be ascertained by a jury of twelve freeholders residing in the vicinity of such property, or by not less than three commissioners, appointed by a court of record, as shall be prescribed by law: *Provided*, the foregoing provision shall in no case be construed to apply to the action of commissioners of

highways in the official discharge of their duty as high-
way commissioners."

The proceedings for the construction of the drain were
had under the drain law of 1885 (Act No. 227), as
amended by Act No. 187, Laws of 1891. This act pro-
vides for the impaneling of a jury of 12 freeholders in a
court of record upon the application of any person whose
estate or interest is to be affected by the proceedings.
This act amends only certain sections of the act of 1885.
Section 12, chap. 3, of the act (3 How. Stat. § 1740c 6),
is not affected or amended by the act of 1891. That
section provides:

"In case the special commissioners or jury shall decide
such drain to be unnecessary, they shall so state in their
return, and the drain commissioner shall thereupon dis-
miss the proceedings at the cost of the applicants, and
no further application for the same object shall be
entertained within one year thereafter."

It is apparent from this provision of the statute that
the proceedings were to be ended only when the special
commissioners or jury should decide the drain to be
unnecessary, and not upon a disagreement of the jury.
When the special commissioners or jury should find the
drain to be unnecessary, no application could be made
or entertained for the period of one year thereafter.
There is no provision of the statute as to what the pro-
ceedings shall be upon a disagreement of the jury; but
from the provisions of section 12, above quoted, we are
satisfied that it was the intent of the Legislature that,
upon the disagreement of the commissioners or jury, pro-
ceedings might at once be had, upon the application of
the drain commissioner and parties interested in lands
to be affected, for the impaneling and striking of a new
jury. It is when the commissioners or jury determine
the drain unnecessary that no further application for the

same object shall be entertained within one year thereafter, and it would be a wholly unnecessary proceeding for the parties, where the jury disagreed, to commence *de novo.* The statute must be construed as giving to the court the power, upon the request of the drain commissioner and any party interested in the lands to be taken, to impanel and strike a new jury in the same proceeding.

The writ must issue as prayed.

McGRATH, GRANT, and MONTGOMERY, JJ., concurred with LONG, J.

MORSE, C. J. (*dissenting*). The relator is drain commissioner for Jackson county. Regular proceedings were instituted by him to construct a drain, and were regularly continued to the striking of a jury of 12 freeholders, demanded by one John Cogswell, whose estate or interest was affected by the proceedings, to ascertain and determine the necessity for using or taking the lands required for said drain, and to appraise and determine the damages and compensation therefor. This jury reported that they were unable to agree that it was or was not a necessity to establish said drain, and were discharged, April 12, 1892. On the same day of their discharge, but afterwards, one Tupper, whose estate was to be affected by the proceedings, filed a written demand for a jury in the premises, which was refused by the probate judge. Thereupon relator also made such demand, which was also refused. The probate judge also denied the petition of relator that all the proceedings subsequent to the filing of the petition for the appointment of commissioners be set aside, and new proceedings upon said petition be instituted. The probate judge was of the opinion that the statute did not provide for a second jury, and consequently he had no authority to order one.

The Constitution provides that the necessity for taking property for the use or benefit of the public shall be ascertained by a jury of 12 freeholders residing in the vicinity of such property, or by not less than three commissioners, appointed by a court of record, as shall be prescribed by law. Article 18, § 2. The statute in relation to drains makes no provision as to the disagreement of a jury, but it is claimed by relator that the Constitution and the statute contemplate a common-law jury of inquest, with all its incidents; and that one of these is that, if the jury shall from any necessary cause be discharged, another shall be impaneled. This contention may be correct where the jury are discharged before they have deliberated or reported in the case, but when the jury have sat in the case, and viewed the premises, and have reported to the court that they are unable unanimously to find the public necessity for taking the land, and are discharged because of such disagreement, in my opinion the proceedings are at an end, and in the same condition as if the jury had found against such necessity. It takes 12 men, under our Constitution and laws, to take a man's property from him for the purposes of a public drain, unless the provisions for a jury are waived by the land-owner. *Chicago & Mich. L. S. R. R. Co. v. Sanford,* 23 Mich. 418; *Paul v. Detroit,* 32 Id. 108. We have held time and time again, so often that citing of cases is unnecessary, that the statute in these proceedings must be strictly followed, and that there is no authority for any action outside of the statute. When the jury, provided by the Constitution and the statute, fail to reach a unanimous conclusion that the proposed drain is a public necessity, it should end the proceedings. There is no power, and there should be none, to keep impaneling juries until one shall be found willing to condemn the land. In the absence of fraud or corruption in the action

of the jury,—and none is charged here,—there can be no great public need of a drain, unless the jury first impaneled can find it to be a necessity.

The writ should be denied.