JACOB ROSENSTIEL, COUNTY DRAIN COMMISSIONER OF LENAWEE COUNTY, v. CHARLES R. MILLER ET AL.

*Drains—Proceedings by county commissioner—Liability of petitioners for costs.*

Where a county drain commissioner follows the description contained in an application for the deepening and straightening of a drain, and the jury determine that no public necessity exists for the improvement, the petitioners cannot avoid the liability imposed by 3 How. Stat. § 1740b 5, for the costs and expenses incurred, on the ground of the alleged insufficiency of the description of the line of the drain in the application.

Error to Lenawee.   (Lane, J.)   Argued April 11, 1893.
Decided June 16, 1893.

*Assumpsit.*   Defendants bring error.   Affirmed.   The
facts are stated in the opinion. ·

*Salsbury & O'Mealey,* for appellants.

*Fellows & Chandler,* for plaintiff.

MONTGOMERY, J.   The plaintiff, as drain commissioner
of the county of Lenawee, sues the defendants, who filed
with him a petition reciting that a certain drain existed
in the townships of Rollin and Hudson, in Lenawee
county, known as the "Posey Lake Outlet Drain," and
stating that—

"Said drain needs deepening and straightening from the
point where said outlet crosses the south line of the N.
½ of the N. W. ¼ of section 5, township 7 S., range 1 E.,
Michigan, owned by Artemus Cooper, and running thence
north-east along the channel of said drain into the lower
end of Posey lake, as follows: To be straightened as much
as the lay of the land along the said outlet will permit,
from the south line of said N. ½ of N. W. ¼ of section 5
to the highway between lands owned by A. Gowan, being
part of N. E. ¼ of N. E. ¼ of said section 5, and land
owned by Artemus Cooper, being west part of N. W. ¼ of
N. E. ¼ section 5; thence along the present channel of
said Posey Lake outlet to the lower end of Posey Lake."

The petition concludes as follows:

"And your petitioners  do hereby make application and
respectfully request that said Posey Lake drain be deepened
four feet, and straightened in the best possible way, in
accordance with the provisions of Act No. 227 of the Pub-
lic Acts of 1885, as amended."

The declaration avers—

That plaintiff proceeded to examine the route, and
determined that it was necessary and conducive to the
public health and welfare that said drain should be deep-
ened and straightened in accordance with the application;

that, for the purpose of determining the practicability of said proposed deepening and straightening of said drain, he caused a survey and measurement of the line of the proposed drain to be made by a competent surveyor, and that upon such survey he found that the proposed deepening and straightening was practicable, and he máde his order of determination in writing in accordance with his finding, and did establish the commencement, route, and terminus of said drain; that afterwards he applied to the owners of land through which the drain passes for releases of right of way and damages, which were refused; that he then made application to the probate court for the county for the appointment of special commissioners as provided by law; that one of the parties interested demanded a jury of 12 freeholders, and such jury was impaneled, and disagreed; that a second jury was impaneled, which determined that the deepening and straightening of the drain was not necessary or conducive to the public health, welfare, and convenience, which finding of the jury was confirmed by the probate court, and that thereupon the commissioner dismissed the proceedings at the cost of the petitioners; that demand was made upon petitioners for payment of the costs incurred, which was refused, and this action brought.

Defendants demurred generally to the declaration, and insisted that they were not liable for the reason that the proceedings were without jurisdiction.

The statute (section 1, chap. 3, Act No. 227, Laws of 1885) provides that before the commissioner shall take action towards establishing a drain there shall be filed with him an application, signed by not less than five freeholders of the township; and further provides that such petitioners shall be jointly and severally liable for all costs and expenses, in case the commissioner, upon examination, or upon examination and survey, shall determine that the same is unnecessary or impracticable, or in case the proceedings shall be dismissed for other cause; and provides, further, that, if the persons signing such application shall refuse to pay such costs and expenses, the commissioner shall bring suit in a court of competent jurisdiction, and collect such costs and expenses, with costs of suit.

It is said that no determination has been made in this case that the drain is unnecessary, and hence the applicants are not liable for costs that accrued down to and including the survey, unless the proceedings were dismissed afterwards for some legal cause; that there is and has been no cause for such-dismissal, because all the proceedings' subsequent to the survey were absolutely without jurisdiction and void. It is contended that the line of the proposed drain was not sufficiently described, and that, therefore, it was impossible for the jury to find whether it was necessary to the public health and welfare that the drain should be constructed as described in the determination of the commissioner; for, it is said, the very ground upon which the jury may have proceeded is that the line was not sufficiently described.

We cannot accept this view of the liability of the petitioners. They are actors in the proceedings, and the statute contemplates that they are the parties in the suit. It appears that the commissioner has in the proceedings followed the description contained in the petition. Indeed, he would be bound to do so if he proceeded at all. Having done so, and the jury having determined that there was no public necessity for the improvement, it is manifestly unjust that these petitioners should now attempt to shield themselves behind the alleged defects in their own petition, and assert a want of jurisdiction. We think they are within the spirit and letter of the statute, and are responsible for the costs incurred.

Judgment will be affirmed, with costs.

The other Justices concurred.