CASE *v.* TELLING.

112   689|
114   309|
112   689|
d135   159

DRAINS—DISMISSAL OF PROCEEDINGS—LIABILITY OF PETITIONERS
FOR COSTS.
   3 How. Stat. § 1740*b*5, provides that applicants for the establish-
      ment of a public drain shall be jointly and severally liable
      for all costs and expenses in case the commissioner shall de-
      termine that the drain is unnecessary or impracticable, or in
      case the proceedings "shall be dismissed for other cause."
      *Held,* that liability for costs follows the proceedings through-
      out, and attaches in all cases of dismissal, except where the
      failure to sustain is due to the negligence or fault of the com-
      missioner.

Error to Genesee; Wisner, J.    Submitted April 6,
1897.   Decided May 25, 1897.

*Assumpsit* by Charles J. Case, drain commissioner of
Genesee county, against William Telling and others, to

recover the costs and expenses incurred in certain drain proceedings instituted on defendants' application, and dismissed on *certiorari* in the circuit court. From a judgment for defendants on verdict directed by the court, plaintiff brings error. Reversed.

The agreed facts in this case are as follows:

"This is an action brought by the drain commissioner of Genesee county to recover the costs and expenses incurred in establishing a certain drain, to be called the 'Graves Drain,' in the township of Argentine and county of Genesee. The history of the proceedings had for the purpose of locating and establishing said drain, and by reason of which said costs and expenses were incurred, is as follows: The usual application therefor, signed by all the defendants, was filed with the drain commissioner, who is plaintiff herein, and the necessary statutory steps were taken by him to locate said drain, after which it became necessary to apply to the probate court for the appointment of special commissioners to condemn a portion of the land over which the drain was to run. Upon application therefor by said drain commissioner, special commissioners were appointed by said probate court to condemn said land, but said special commissioners, owing to the absence of some necessary papers at the date of their meeting, never made a report. A second application was made to the probate court for the same purpose, and the same persons were appointed a second time as special commissioners, but this time only two of them were of the opinion that the drain was necessary for the public health, and that it was necessary to take private property for the use of said drain, and they made their report accordingly, whereupon a third application was made by said drain commissioner, and added to which was a request in writing, signed by two of the defendants, William Telling and Walter M. Wadleigh, to the probate court, for the appointment of special commissioners. The matter was submitted to the third set of special commissioners, and their report was unanimously in favor of the drain. The drain commissioner then filed his final order establishing the drain, whereupon the proceedings were removed to the circuit court for the county of Genesee for review by *certiorari*. Upon the hearing of said *certiorari* by said court, said drain proceedings were

quashed and set aside. It further appears that some of these defendants, namely, Walter M. Wadleigh and William Telling, had frequently urged the commissioner to proceed with the proceedings, and that they had also advanced to him on account of said drain some money (about $60), which said commissioner, in his bill of particulars in this case, had given them credit for, part of which the commissioner testified was advanced by them to pay the expenses incurred by the litigation attending the proceedings as contested."

The court directed a verdict for the defendants.

*Black & Brown*, for appellant.

*Everett L. Bray*, for appellees.

GRANT, J. (*after stating the facts*). The drainage statute contains three provisions in regard to liability for costs. 3 How. Stat. § 1740*b*5, provides that "such applicants shall be jointly and severally liable for all costs and expenses in case the commissioner upon examination, or upon examination and survey, shall determine that the same is unnecessary or impracticable, or in case the proceedings shall be dismissed for other cause." Section 1740*c*6 is as follows: "In case the special commissioners or jury shall decide such drain to be unnecessary, they shall so state in their return, and the drain commissioner shall thereupon dismiss the proceedings at the cost of the applicants." Section 1740*e*4 provides that the proceedings may be reviewed by *certiorari*, and provides that, "if the proceedings be sustained, the party bringing the *certiorari* shall be liable for the costs thereof, and, if they be not sustained, the parties petitioning for the drain shall be liable for the costs."

The learned circuit judge, in his instructions, said:

"Now, it seems to me that that language, using the word 'dismissed,' refers to some other similar action, similar to that which is expressly stated in the statute itself; dismissed because it was impracticable, or that it was not beneficial to the public health, or that it was unnecessary to take the land described for some other similar

reason; and that the word 'dismiss,' in my construction of the statute, means some action taken in those drain proceedings themselves. It does not seem to me that the holding by this court in the *certiorari* case that those proceedings should be quashed and held void because of some illegality, because of some delay on the part of the commissioner, or because of some action or want of action upon his part, should come within that term 'dismissed.' "

It does not appear for what reason the proceedings were quashed or dismissed by the circuit court upon *certiorari*. It may have been through some neglect or fault of the commissioner, in which case the defendants would not be liable for the costs. *Hall* v. *Palmer*, 54 Mich. 270. We said in *Rosenstiel* v. *Miller*, 96 Mich. 99: "They [the petitioners] are actors in the proceedings, and the statute contemplates that they are the parties in the suit." We are of the opinion that the expression in the clause of the section first above quoted, viz., "in case the proceedings shall be dismissed for other cause," follows the proceedings throughout, and carries costs against the petitioners at any stage when the proceedings are dismissed or quashed for any cause not due to the negligence or fault of the commissioner. The evident intention of the legislature was to make the petitioners in these proceedings liable for the costs if they failed to sustain them. This liability cannot attach to them when the failure is due to some action of the commissioner not authorized by law.

It follows that the judgment must be reversed, and a new trial ordered.

The other Justices concurred.