PARKER v. LINCOLN.

1. DRAINS—COMMISSIONERS TO DETERMINE NECESSITY—DISAGREE-
MENT—SECOND COMMISSION.

A petition to the probate court for the appointment of a
second commission to determine the necessity for a drain may
properly be granted immediately after the coming in of the
report of the first commissioners to the effect that they are
"unable to agree" as to the necessity for such drain.

2. SAME—DISMISSAL OF PROCEEDINGS—COSTS.

Where the second commission, so appointed, decides against
the necessity for the drain, the proceedings are properly dis-
missed by the drain commissioner at the cost of the applicants.
3 How. Stat. § 1740c6.

Error to Macomb; Eldredge, J. Submitted June 18,
1897. Decided September 14, 1897.

*Assumpsit* by William T. Parker, county drain com-
missioner, against George V. Lincoln and others, to
recover the costs and expenses incurred in certain drain
proceedings instituted on defendants' application. From
a judgment for defendants on verdict directed by the
court, plaintiff brings error. Reversed.

*Byron R. Erskine*, for appellant.

*T. M. Crocker* and *Crocker & Knight*, for appellees.

LONG, C. J. Plaintiff was drain commissioner of Ma-
comb county, and had been for several years. On May
22, 1894, an application for the location and establishment
of a drain in the townships of Lenox and Chesterfield, in
said county, was made, and filed with him as such drain
commissioner, signed by George V. Lincoln and 23 others,
the defendants herein. The plaintiff caused a survey of
the proposed drain to be made in June and July following,

and on October 1st made his first order locating and establishing said drain in accordance with the survey. Being unable to obtain a release of the right of way from the parties whose lands were traversed by the drain, on March 11, 1895, he made written application to the probate court of that county for the appointment of three special commissioners to determine the necessity therefor, etc. Upon the filing of the application, the probate court appointed April 11, 1895, at the probate office, as the time and place for the hearing, and issued citations to all the parties interested. Commissioners were thereafter appointed, and they met with the drain commissioner and the parties interested, examined the route of the proposed drain, and thereafter, on April 24th, filed their report. That report, after setting out the proceedings up to that time, states:

"After hearing the proofs and allegations of each party in interest who was there to present the same, and viewing the premises of all the parties in interest, and ascertaining all matters justly pertaining thereto, and after taking such matters and said allegations and proofs fully and fairly under consideration, we are unable to agree as to the necessity for the proposed drain, and of the taking of private property for the use and benefit of the public for the purpose thereof."

On May 10th following, the plaintiff, as drain commissioner, filed a second application in the probate court, setting up the prior appointment by said court of special commissioners, and their proceedings in the premises, attached thereto a copy of their report, and prayed the appointment of a new commission to determine the necessity of said drain, etc. The probate court thereupon issued citations to all the parties in interest, reciting in substance the contents of said petition, and citing them to appear at the probate office on June 11, 1895, and show cause why the application should not be granted. Three commissioners were thereupon appointed by the probate court, and on June 18th they met with the drain commissioner and the parties interested, and, after being

duly sworn, examined the route of the proposed drain, heard the proofs and allegations of the parties, and thereupon filed a report with the drain commissioner deciding against the necessity of the proposed drain.. On July 1st following, the plaintiff, as drain commissioner, made and filed an order dismissing the proceedings at the expense of the applicants, the defendants herein, and served a copy upon each. They refused to pay the costs and expenses of the proceedings. This suit was commenced to recover the same from them.

On the trial the court directed a verdict in favor of the defendants, giving as his reasons therefor that it was the duty of the special commissioners first appointed to report that it was or was not necessary to establish the drain; that there could be no such thing as a disagreement of the commissioners, and a finding or conclusion of a majority on that point should have been reported to the drain commissioner, and his duty under the statute was to have required such report, and to have taken the steps necessary to enforce it; that the petition to the probate court for the appointment of a second commission on its face showed the situation as to the report of the first commission, and therefore showed that the probate court had no jurisdiction to appoint a new special commission, and that the appointment of commissioners and their subsequent action were without authority of law and void; that, therefore, there was no legal basis for the order of the drain commissioner dismissing the proceedings at the cost of the petitioners.

In this we think the court was in error. Section 1740$b$5, 3 How. Stat., provides:

"* * * Such applicants shall be jointly and severally liable for all costs and expenses in case the commissioner upon examination, or upon examination and survey, shall determine that the same is unnecessary or impracticable, or in case the proceedings shall be dismissed for other cause."

Section 1740$c$6 of the same statute provides:

"In case the special commissioners or jury shall decide such drain to be unnecessary, they shall so state in their return, and the drain commissioner shall thereupon dismiss the proceedings at the cost of the applicants, and no further application for the same object shall be entertained within one year thereafter."

It was held in *Case* v. *Telling*, 112 Mich. 689, that these proceedings under the statute make the applicants liable for the costs of the proceedings at any stage when dismissed or quashed for any cause not due to the negligence of the commissioner.

It is evident that the drain commissioner or his counsel followed the opinion of this court in *Kress* v. *Hammond*, 92 Mich. 372, in making application for the second commission.    In that case it was said:

"There is no provision of the statute as to what the proceedings shall be upon a disagreement of the jury, but from the provisions of section 12, above quoted, we are satisfied that it was the intent of the legislature that, upon a disagreement of the commissioners or jury, proceedings might at once be had upon the application of the drain commissioner and parties interested in lands to be affected for the impaneling and striking of a new jury."

We think it cannot be said that these commissioners could not disagree.    It is very evident they might disagree upon several questions they are called upon to determine, as is aptly illustrated by counsel for plaintiff in his brief :    "A. and B. might be for and C. against the drain, and A. and B. disagree upon the award of damages; or A., B., and C. might be for the drain, and A. and B. agree on the award of damages for one parcel, and C. dissent, and B. and C. agree on the award for the second parcel, and A. dissent.    A. might be for, B. against, and C. refuse to agree with either except upon an agreement with him as to the amount of some award."    Other illustrations might be given of the possibility of a disagreement by three commissioners, as they must determine not only the necessity for the taking of the land, but also the just compensation to be paid therefor.    We think the only ques-

tion in the case was as to the amount of costs and expenses which the defendants should be required to pay.

The judgment must be reversed, and a new trial ordered.

The other Justices concurred.