GITCHEL *v.* WHIPPLE.

DRAINS—AMENDMENT OF STATUTE—PENDING PROCEEDINGS.

Act No. 272, Pub. Acts 1899, amendatory of the drain law, is not applicable to proceedings pending at the time it became operative; the saving clause of said act expressly providing that such proceedings may be carried forward and completed under the pre-existing law. *Brady* v. *Hayward,* 114 Mich. 326, distinguished.

*Certiorari* to Ottawa; Padgham, J. Submitted February 26, 1901. Decided May 21, 1901

*Mandamus* by George W. Gitchel to compel William Whipple, Jr., drain commissioner of Ottawa county, to recognize the action of a board of review in enlarging an assessment district. From an order denying the writ, relator brings *certiorari.* Affirmed.

*Wilkes & Hoffman* and *G. J. Diekema,* for relator.

*Smedley & Corwin,* for respondent.

LONG, J. In April, 1898, application was made to the county drain commissioners of Ottawa and Allegan counties to lay out a drain, called the "Black Creek Drain," through those counties. No question is made but that the proceedings were regular up to and including the letting of the drain and the making of the assessment of benefits. In October, 1899, the county drain commissioner of Ottawa county (the respondent here) made his assessment of benefits for the township of Jamestown. The relator and other freeholders of said township thereupon made application to the probate court for an appeal from the assessment of benefits made by the drain commissioner, claiming the benefit of chapter 5, Act No. 272, of the Public Acts of 1899. They filed a bond with the probate court

as required by that act, and thereafter the probate judge proceeded, as directed by the act, to appoint a board of review of such assessments. The respondent concurred in this order, and the board of review was appointed. That board reviewed the assessment of benefits, and added a large amount of land to the assessment district, as the act of 1899 provided it might do. In January, 1900, the board notified the respondent drain commissioner, in writing, of its proceedings. He then refused to recognize the action of the board of review, claiming that the act of 1899 did not apply, as the drain must be completed under the drain laws as they existed prior to this amendment. Application was then made by the relator for a *mandamus* to the circuit court of Ottawa county to compel the drain commissioner to recognize the action of the board of review. The circuit court refused to make the order, and held, with the drain commissioner, that the drain must be completed and assessments made in accordance with the provisions of the act in force at the time the proceedings were commenced. The case comes into this court by writ of *certiorari* to review the order made by the circuit court.

It appears that, since the enactment of the law of 1885, there has always been a provision in the drain law that existing drains not completed may be completed under the provisions of the amended law. It is the contention of the relator that it has been the plain intention of the legislature since 1885 that drains might be completed under the new law, and that the real reason for the saving clause when the statute was changed from time to time was to avoid the possible claim that, without the saving clause, all rights acquired under the old law would be lost.

A somewhat similar question as now presented was presented in *Brady* v. *Hayward*, 114 Mich. 326 ( 72 N. W. 233 ). The proceedings mentioned in that case appear to have been commenced prior to the amendment of the drain law in 1895, and the application and proceedings were in accordance with the drain law prior to 1895. The

claim was there made that the amendment of 1895 repealed the law of 1885, and that the commissioner could not go on from that point, but that all proceedings must be dropped, and commenced anew under the law of 1895. It was said:

"It is impossible to read the law of 1885, with the amendments since made thereto, without coming to the conclusion that it was the intention of the legislature that drain proceedings which had been commenced were not to fail because of the amendments, but were to be carried forward to completion, subject to the provisions of the law as amended, so far as applicable."

It will be noticed that the saving clause in the act of 1885, referred to in the above case, provides that drains for which an application has been made, or which have been partly constructed, may be completed under the provisions of that act. The act of 1895 (Act No. 217, Pub. Acts 1895) contains no saving clause, and the body of the act does not purport to repeal any of the provisions of the old act, except section 20, chap. 3; and it was expressly held in *Brady* v. *Hayward, supra,* that the drain should be completed under the act as amended. In the present case, however, it is expressly provided by the saving clause of Act No. 272, Pub. Acts 1899, that:

"All acts or parts of acts heretofore enacted that are inconsistent with the provisions of this act are hereby repealed, saving all acts done and all rights acquired at the time this act takes effect; and any proceedings had or begun may be carried forward and completed thereunder, the same as they might have been done had this act not passed."

We think it was the legislative intent that the act of 1899 should not be construed as having any effect upon proceedings partly completed under prior laws, but that it was the intention of the legislature to have such proceedings completed under the laws in force prior to the amendment of 1899. We think, therefore, the court below was correct in his construction.

The order made by the court below must be affirmed.

The other Justices concurred.