BROWN v. KENNEDY.

1. DRAINS—CHANGES IN APPLICATION—EVIDENCE.

Evidence, in a suit by a drain commissioner to recover the costs of a drain proceeding that had been dismissed, considered, and *held* insufficient to justify the jury in finding that interlineations in the application were made after it had been received by the commissioner.

2. SAME—ACTION FOR COSTS.

Where changes were made in the description of a drain after

the application had been signed by the petitioners and before
it was received by the commissioner, the fact that the com-
missioner acted upon it in good faith did not give him a right
to recover his costs against the petitioners, under 2 Comp.
Laws, § 4319.

3. SAME—EVIDENCE.

It is within the discretion of the trial judge to require a drain
commissioner to explain alterations in a drain application
before admitting it in evidence, in an action by him to recover
his costs against the petitioners.

4. SAME—PRESUMPTIONS.

Any possible presumption that the alterations in a drain peti-
tion were made before the paper was signed was in this case
eliminated by the testimony of the applicants that they signed
before the changes were made, and the testimony of the sur-
veyor that he made the alterations before any one signed the
paper.

5. SAME—BILL OF COSTS.

The bill of costs in a drain proceeding that has been dismissed
is admissible in a suit by the commissioner to recover the
costs.

6. SAME—ESTOPPEL.

In an action by a drain commissioner to recover his costs
against the petitioners, where it is claimed that alterations
were made in the petition after it was signed, evidence is
admissible to show that the defendants concealed or failed to
assert the alterations, as such evidence tends to show an
estoppel.

7. SAME—OPINIONS.

The opinion of a surveyor that a drain application was a regu-
lar and fair appearing paper is inadmissible.

Error to Saginaw; Snow, J.  Submitted December 2,
1902.  (Docket No. 128.)  Decided March 23, 1903.

*Assumpsit* by Alonzo M. Brown, drain commissioner
of Saginaw county, against Martin Kennedy and others,
to recover the costs and expenses incurred under an appli-
cation for a drain.  From a judgment for defendants,
plaintiff brings error.  Reversed.

132 MICH.—30.

· *F. E. Emerick* (*James H. Davitt*, of counsel), for appellant.

*Crane & Crane*, for appellees.

HOOKER, C. J. The plaintiff, a drain commissioner of Saginaw county, laid out, and let contracts for the construction of, a drain. A bill was thereupon filed to restrain further action, and this resulted in a decree granting a perpetual injunction as prayed in the bill, upon the ground that a sufficient outlet was not provided. No appeal was taken, and the commissioner finally dismissed the proceedings, and began this action to recover the costs and expenses incurred from the applicants for the drain, in accordance with the provisions of 2 Comp. Laws, § 4319, which are as follows: .

"Such applicants shall be jointly and severally liable for all costs and expenses in case the county drain commissioner, upon examination, or upon examination and survey, shall determine that the same is unnecessary or impracticable, or in case the proceedings shall be dismissed for other cause. If the persons signing such application shall refuse to pay such costs and expenses, the county drain commissioner shall bring suit in a court of competent jurisdiction, and collect such costs and expenses, with costs of suits."

The defendants filed a plea of the general issue, and a denial upon oath that they signed the application upon which the drain proceedings were based. Upon the trial the signatures were proven to be genuine by several of the defendants, but they also stated that the description of the drain applied for had been altered in a material respect after such signatures were written, and without their knowledge or assent. The testimony shows that one Martin Kennedy brought the application to each of the signers, who signed it at his request. It was afterwards delivered to the plaintiff, but he was unable to state whether he received it by mail or otherwise. He was quite positive that no alteration was afterwards made, although he admitted that the surveyor may have had an

opportunity to make the alteration when he surveyed the route, which was after the application was filed. The learned circuit judge instructed the jury that they must find for the plaintiff, unless they should find that the alteration was made after he received the application, in which case he could not recover. They returned a verdict for the defendants, and plaintiff has appealed.

The first point discussed by the plaintiff is the proposition that he received the application as a public officer, and acted upon it in good faith, and that he is entitled to recover his expenses and costs, although the application was changed before he received it. The verdict, when considered in the light of the charge, shows that the jury must have found that the application was not changed before it was presented to him, but afterwards; and therefore this question is eliminated, unless we should say that there is no evidence that justifies such a finding. The evidence upon the subject consists of the testimony of the defendants, who testified that they signed before the alterations were made, but none of them were able to say that they were not made before the paper was presented to the plaintiff. The plaintiff testified that he did not change it, or know who did, and that, while Scholtz, the surveyor, might have taken the paper, for aught that he knew, he had no knowledge of his doing so; and Scholtz testified that he took a copy of it on the occasion of his survey. Scholtz also testified that he made the alterations himself, at the request of one Dr. Hillyer, before any of the signatures were appended to the paper. Neither Hillyer nor Martin Kennedy was called, though it is claimed that they were within reach. The plaintiff testified that he filed the application May 3d, and acted upon it May 15th, and that the interlineations were in the paper then, and that he copied them. We find no tangible testimony that the interlineations were made after the paper was filed. All of the testimony was as consistent with the theory that it occurred before as after the filing, and the jury should not have been allowed to find that the altera-

tion was made after the paper was received by the plaintiff.

The evidence is clear that some erasures and alterations were made, and it was a question of fact whether they were made before or after defendants signed the paper. If before, they were liable for the costs and expenses. If, however, they were made afterwards, it is not so certain that they were liable. On this record it appears that Martin Kennedy was the man who circulated the petition, and these defendants signed at his request. There is nothing to indicate that they did more. We do not discover that he was clothed with any authority to alter the same, or present any petition other than that signed by them, or that he was in any sense their agent, further than to present the petition as signed; and we are convinced that the fact that plaintiff acted in good faith does not give a right of action against defendants, who signed no such application as that acted upon. On the other hand, there may be circumstances which show an acquiescence in an alteration made after the application was signed, and which would justify the jury in finding an estoppel against the defendants, justifying a verdict against them.

Several questions of minor importance are raised. The first relates to the requirement of the judge that plaintiff explain the erasures and interlineations in the writing before allowing it to be received in evidence. Evidently he considered the paper suspicious upon its face. It was within his discretion to require this proof in such case. *Munroe* v. *Eastman*, 31 Mich. 285; *Sirrine* v. *Briggs*, Id. 445. It is urged that the legal presumption that the alteration was made before the paper was signed was ignored. In view of the testimony, we are of the opinion that any possible presumption was practically eliminated, and that plaintiff was not injured by the course taken.

We think the bill of costs may have been admissible as part of the drain proceedings, and understand that it was admitted.

It was also competent to show that defendants concealed

or failed to assert the alteration, if circumstances arose making it their duty to do so. Such evidence would have tended to show an estoppel.

It was not competent to take Mr. Scholtz's opinion as to whether this paper was a regular and fair appearing paper.

The judgment must be reversed, and a new trial ordered.

The other Justices concurred.