### HUXTABLE v. KIRBY.

DRAINS—BOARD OF REVIEW—COSTS.

Section 6, chap. 5, Act No. 272, Pub. Acts 1899, amendatory of the drain law, providing that the judge of probate shall tax the costs of the board of review if the assessment of the drain commissioner shall be sustained, does not authorize him to tax their costs where the commissioner's assessment was not sustained.

*Certiorari* to Ottawa; Padgham, J. Submitted November 10, 1903. (Calendar No. 20,049.) Decided December 1, 1903.

*Mandamus* by Henry Huxtable and others to compel Edward P. Kirby, probate judge of Ottawa county, to tax relators' costs as members of the board of review in a drain proceeding. From an order denying the writ, relators bring *certiorari*. Affirmed.

*Smedley & Corwin*, for relators.

*C. R. Wilkes*, for respondent.

CARPENTER, J. · In 1898, proceedings were taken to locate and establish a certain drain in Ottawa and Allegan counties. The county drain commissioners of the two counties located and established said drain, and made an assessment roll. On the application of the owners of certain lands included in the assessment roll, the judge of probate of the county of Ottawa, acting under Act No. 272 of the Public Acts of 1899, appointed relators a board of review. Proceeding under said act, relators revised the assessment roll made by the two drain commissioners, and materially changed their assessments. The county drain commissioner ignored relators' action. A *mandamus* to compel him to recognize said action was denied on the ground that, as the proceedings to locate the drain in question were pending when the act of 1899 took effect, they were not governed by said act. See *Gitchel* v. *Whipple*, 126 Mich. 646 (86 N. W. 144). Thereupon relators applied to the probate court to tax their costs, under chapter 5 of the drain law, as amended by said Act No. 272 of the Public Acts of 1899. The probate judge refused this application. Relators applied for a *mandamus* in the circuit court for the county of Ottawa to compel the probate judge to tax said costs. That court refused the order, and relators, by writ of *certiorari*, bring the proceedings to this court.

The authority of the judge of probate to tax the costs in controversy depends upon the proper construction of section 6 of said chapter, which reads:

''In case the assessment of the county drain commissioner shall be sustained by such board of review, the appellant shall pay the whole costs and expenses of such appeal. Such costs and expenses shall be ascertained and determined by the judge of probate, and, if not paid, the appellant shall be liable on his bond for the full amount of such costs, in an action at law, to be brought by the county drain commissioner on the bond before any court having competent jurisdiction.''

We agree with the judge of probate that he has no

authority under this section to determine the amount of costs, except when the assessment of the county drain commissioner is sustained by the board of review. As in this case it was not sustained, the probate judge had no such authority. Cases touching the liability for costs of petitioners for a drain, relied upon by relators (see *Rosenstiel* v. *Miller*, 96 Mich. 99 [55 N. W. 655]; *Case* v. *Telling*, 112 Mich. 689 [71 N. W. 510]), are clearly distinguishable. The statute there involved makes the applicants liable for costs in case the commissioner "shall determine that the same is unnecessary or impracticable, or in case the proceedings shall be dismissed for other cause." 3 How. Stat. § 1740*b*5; 2 Comp. Laws 1897, § 4319.

In reaching this conclusion we have not overlooked the contention of relators that their claim is particularly equitable against those who petitioned for their appointment. Whether or not those equities give them a right of action we cannot, in this proceeding, undertake to determine. It is sufficient to say that those equities do not, under the statute, give the probate judge authority to grant their prayer.

The order of the court below will therefore be affirmed, but, under the circumstances of this case, no costs will be awarded.

The other Justices concurred.