GABLE *v.* DEAL.

DRAINS— PROCEEDINGS — COSTS OF ABORTIVE PROCEEDINGS — LIA-
BILITY OF PETITIONERS.

The liability of petitioners for the costs of abandoned drain
proceedings, under section 4319, 2 Comp. Laws, does not ex-
tend to expenses incurred under a former petition, though by
making use of the survey and services therein the petitioners
are relieved of the expense of making one upon their petition,
there being no evidence that the petitioners had knowledge
or assented to the use of such survey by the commissioner.

Error to Allegan; Padgham, J. Submitted November
13, 1907. (Docket No. 169.) Decided December 10,
1907.

Assumpsit by Elmer E. Gable and Philip W. Burgess,
drain commissioners respectively of Allegan and Barry
counties, against Joseph Deal and others for costs in-
curred in certain drain proceedings. There was judg-
ment for plaintiffs, and defendants bring error. Modified
and affirmed.

*Wilkes & Stone* and *Ed. J. Anderson,* for appellants.
*Clare E. Hoffman,* for appellees.

Plaintiffs, as drain commissioners of Allegan and Barry
counties, respectively, brought this suit against defendant
Deal, and 22 others, to recover from them the costs in-
curred by plaintiffs in proceedings to establish a drain
through said counties. The statute (section 4319, 2
Comp. Laws) provides:

"Such applicants shall be jointly and severally liable
for all costs and expenses in case the county drain com-
missioner upon examination, or upon examination and
survey, shall determine that the same is unnecessary or
impracticable, or in case the proceedings shall be dis-
missed for other cause."

The case was tried before the court without a jury and judgments rendered for the plaintiffs for $1,725.94.

On December 5, 1902, a petition was presented to one Clinton R. Baker, the then drain commissioner for Allegan county, which petition was signed by 80 freeholders, praying for the location of a drain and describing it. The drain was to extend also into Barry county, and its length was about 11 miles. Mr. Baker gave due notice to the drain commissioner of Barry county. A surveyor was employed to make the survey provided by the statute. He made the survey, and his field notes, survey, and specifications were completed by him on the 18th day of June, 1903. About that time the prosecuting attorney of Allegan county advised Baker that the application was defective, and advised that the proceedings be commenced anew. The proceedings under the first petition were therefore abandoned and a new petition was presented to Mr. Baker, identical in description with the first, and signed by these defendants. The proceedings were regular and in accordance with the statute.

On July 15th the two commissioners made and filed their first order of determination in which they used and adopted the survey made by the county surveyor on the first application, said survey forming a part of said order of determination. The then commissioners of Allegan and Barry counties retired from office by the expiration of their term on the 1st day of January, 1904. The plaintiffs, their successors, then took up the work, procured releases of some, but being unable to procure releases from all, took proceedings under the statute for condemnation. A jury was demanded and summoned, and on June 22, 1904, filed its report determining the necessity of the drain and appraising the damages to each of the owners who had refused to grant a release. Further proceedings were taken as the statute requires until about the 13th day of September, 1904, when certain persons filed their bill in chancery in the circuit court for the county of Barry, attacking the validity of the drain, and

praying for a perpetual injunction. That suit was heard upon pleadings and proofs and a decree entered perpetually enjoining the construction of the drain. Thereupon a proper order was entered dismissing the drain proceedings, and plaintiffs instituted this suit.

GRANT, J. (*after stating the facts*). The proceedings were instituted upon the petition of the defendants. The plaintiffs and their predecessors in office proceeded upon the second petition regularly until enjoined by the court of equity. The failure to construct the drain was not due to any fault of the plaintiffs or their predecessors. The defendants, the petitioners, are therefore liable for the costs. Among the items included in the judgment are $173.50 for the services of the surveyor, rendered under the first petition, and $163.50 to Mr. Baker, the then drain commissioner, for services rendered under the same petition. The theory under which these items were allowed appears to be that, although rendered upon the first application, they were used upon the second application and these defendants received the benefit, or, as Mr. Baker in his testimony said:

"All these services would have had to be rendered after June 30th, if they had not been rendered before; we simply used the knowledge acquired before."

The result is, if the judgment be sustained, that the expense of the first and abandoned proceedings, which should have been shared among the 80, is now imposed upon 23, 7 of whom were not petitioners to the first proceedings. Drain proceedings are statutory and the requirements of the statute must be followed. The commissioners could no more pay for the knowledge obtained by a former abandoned proceeding than they could pay for knowledge obtained from any other source. If the drain commissioners in the first proceedings were not responsible for the defect and acted in good faith, the petitioners in that case alone must pay for the expense in-

curred. They could not be imposed upon petitioners to another petition under the plea that they were used upon the second petition. If the defendants had had knowledge of the action of the commissioners in so doing and assented to it, either expressly or tacitly, they would undoubtedly be responsible, but of this there is no evidence. In effect these defendants were no worse off than they would have been if the commissioners had procured another independent survey,—but the law does not permit the commissioners to impose upon petitioners to these proceedings any but the actual costs incurred in such proceeding.

The other objections raised have had due consideration, and we find that they are not well taken. They are not of sufficient importance to the profession to discuss.

The judgment will be modified, eliminating these two items, with costs of this court to the defendants. As so modified it is affirmed.

McALVAY, C. J., and CARPENTER, BLAIR, and MOORE, JJ., concurred.