## GABLE *v.* DEAL.

1. DRAINS—ABANDONMENT OF PROCEEDINGS—COSTS.

   Defendant having joined with others in signing a petition for the construction of a drain, praying that the assessment should include a specified district, and the proceedings having been abandoned after certain costs and expenses were incurred, the drain commissioners are authorized by statute (2 Comp. Laws, § 4319) to recover the expense in an action against the petitioners, unless the commissioners were at fault, and although no fund existed at the time such expenditures were made.[1]

2. SAME—VALIDITY OF PETITION—CONTENTS.

   To insert in the petition at the request and with the consent of those who have already signed it, a direction that certain lands be assessed, does not invalidate the proceedings, and may be treated as mere surplusage; nor does such action put the drain commissioner at fault so as to prevent recovery for the expenditures made, upon the abandonment of proceedings.

3. SAME—ABANDONMENT—GOOD FAITH OF DRAIN COMMISSIONER.

   The good faith of a drain commissioner in abandoning proceedings under the petition, on the advice of the judge of probate and the prosecuting attorney, and in commencing new proceedings, is sufficiently shown to justify a recovery for the costs: following *Gable* v. *Deal*, 150 Mich. 430 (114 N. W. 214).

4. SAME.

   Dismissal of the proceedings may take place for other cause than that the drain is unnecessary or impracticable, and costs follow unless the abandonment was due to a default or neglect of the drain commissioner.

Case made from Allegan; Padgham, J. Submitted April 8, 1910. (Docket No. 35.) Decided May 7, 1910.

Assumpsit by Elmer E. Gable and Philip W. Burgess,

---

[1] As to procedure for the establishment of drains and sewers, see note to *State, ex rel. Utick,* v. *Polk County Comrs.* (Minn.), 60 L. R. A. 161.

drain commissioners respectively of Allegan and Barry counties, against Joseph Deal for costs incurred in certain drain proceedings. A judgment for plaintiffs on a verdict directed by the court is reviewed by defendant on a case made. Affirmed.

*Wilkes & Stone*, for appellant.

*Charles Thew*, for appellees.

STONE, J. This is an action in assumpsit to recover costs in certain drain proceedings brought by the plaintiffs as county drain commissioners of Allegan and Barry counties against the defendant as a signer of an application for a drain that called for the action of the drain commissioners of both of said counties.

A case involving some of the same questions as are here presented was before this court in *Gable* v. *Deal*, 150 Mich. 430 (114 N. W. 214). The claim here sued for was disallowed in the case above referred to, for the reason that there were different signers to the first and second petitions. The statute (section 4319, 2 Comp. Laws) provides:

"Such applicants shall be jointly and severally liable for all costs and expenses in case the county drain commissioner upon examination, or upon examination and survey, shall determine that the same is unnecessary or impracticable, or in case the proceedings shall be dismissed for other cause."

The claim in the case at bar is for the costs incurred on an application dated December 5, 1902, while the claim allowed in the case above referred to was for the costs incurred upon a later application made in June, 1903. Reference to that case renders a lengthy statement of the facts here unnecessary. Before the first application was filed with Clinton R. Baker, who was then the drain commissioner of Allegan county, and after three persons had signed the application, one of the signers saw Mr. Baker, and requested him to insert in the application the following words:

"Also that the full watershed of said Gun river drain shall be assessed for drainage."

He wrote the same in the application with the knowledge and consent of all who had then signed the application. There were 80 signers to this application when it was filed with the drain commissioner. Along in June, 1903, and after the labor had been performed, and the expenses incurred under said first application, which constitute the plaintiff's claim in this suit, some of the signers asked Mr. Baker as to the effect of the said change in the application. It is undisputed that some question had been raised by parties interested as to the legality of such change. The drain commissioner consulted with the prosecuting attorney and the judge of probate relative to the matter, and through the advice of these officials it was deemed more prudent and advisable to abandon the first application, and prepare and file another. Another application was prepared, and the defendant, with full knowledge of all the facts, obtained most of the signatures to the second application. The second application was signed by 23 persons. It was in the same form as the first, except that the clause above referred to was omitted. The proceedings under the first application having been abandoned, the new application was filed, and the proceedings thereunder seem to have been regular and in accordance with the statute. During the progress of the proceedings under the second application, certain persons filed a bill in chancery in the circuit court of Barry county, attacking the validity of the drain, and praying for a perpetual injunction. Upon the hearing of the case a decree was entered perpetually enjoining the construction of the drain. Thereupon an order was entered dismissing the drain proceedings, and the suit in *Gable* v. *Deal, supra,* was brought. In that case Mr. Justice GRANT, referring to the items embraced in the present suit, said:

"The failure to construct the drain was not due to any fault of the plaintiffs or their predecessors. The defendants, the petitioners, are therefore liable for the costs.

Among the items included in the judgment are $173.50 for the services of the surveyor rendered under the first petition, and $163.50 to Mr. Baker, the then drain commissioner, for services rendered under the same petition. The theory under which these items were allowed appears to be that, although rendered upon the first application, they were used upon the second application, and these defendants received the benefit, or, as Mr. Baker in his testimony, said:

"'All these services would have had to be rendered after June 30th, if they had not been rendered before. We simply used the knowledge acquired before.'

"The result is, if the judgment be sustained, that the expense of the first and abandoned proceedings, which should have been shared among the 80, is now imposed upon 23, 7 of whom were not petitioners to the first proceedings. Drain proceedings are statutory, and the requirements of the statute must be followed. The commissioners could no more pay for the knowledge obtained by a former abandoned proceeding than they could pay for knowledge obtained from any other source. If the drain commissioners in the first proceedings were not responsible for the defect, and acted in good faith, the petitioners in that case alone must pay for the expense incurred."

Upon the trial of this case before a jury, the circuit judge directed a verdict for the plaintiffs for the following items, with interest thereon: For services rendered by Hugh MacDougall as surveyor, $140; for services rendered by Clinton R. Baker as county drain commissioner, $87; for money paid by Clinton R. Baker for help hired by him on the Gun river drain proceedings, $39.50—total $274. Upon the trial of the case, the evidence was undisputed that the commissioner, Baker, between December 19, 1902, and May 25, 1903, rendered 29 days' service, amounting to $87; also, that he paid out for hired help to the men he employed to assist him, in connection with said Gun river drain prior to the making of the second application, $39.50; that the men he so employed assisted in cutting brush and running the line when the survey was made under the first petition; and that he had to pay the

help in order to get it, and that the services were necessary.

It was admitted on the trial by counsel for the defendant that, if the plaintiffs were entitled to recover in said cause at all, the services of the surveyor, Hugh Mac-Dougall, were worth the sum of $140 for 35 days' services, at $4 a day. At the close of the evidence, the defendant requested the court to instruct the jury:

"*First.* That if they should find from the evidence that the then drain commissioner, Baker, inserted a provision in the application that the whole watershed of Gun river should be assessed for benefits, and if after proceeding thereunder and causing a survey to be made the then county drain commissioner abandoned said proceeding because of what the said Baker had inserted in the application, and if you find that this defect was one that said Baker was responsible for, then I charge you that the plaintiffs in this case cannot recover, and your verdict should be for the defendant.

"*Second.* That, under the undisputed evidence in the case, no verdict should be rendered for the items of expense claimed to have been paid by the said Clinton R. Baker for services in the matter of said drain, for the reason that said proceedings were abandoned by the said Baker, because of what he himself had inserted in the application.

"*Third.* If, while Mr. Baker was drain commissioner, proceedings under the first application were abandoned, and another application was filed therein, which application was accepted by the said drain commissioner, and his successor in office, and acted upon, and if no proceedings were ever taken thereunder after the said first application had been abandoned, then I charge you that the plaintiffs in this case would have no jurisdiction over said application to dismiss the proceedings for any other or different reason than the one for which the former drain commissioner had abandoned them."

Exception was duly taken to the refusal to so charge, and there are seven assignments of error by the defendant, and the case is here upon a case made.

1. The first assignment of error alleges error because the court did not strike out the testimony of the witness Baker

as to the item of $39.50, paid out for help to the men he employed to assist him in the work, and the seventh assignment alleges error in that the court directed a verdict for this item. They may be considered together. If the plaintiffs are entitled to recover in this case at all, it seems to us that they are entitled to recover for this item. It is true that the statute provides that all orders for payment for services rendered should be drawn by the commissioner upon the drain fund of each particular drain. But it should be borne in mind that at the time this help was hired there was no drain fund for this particular drain. To hold that the commissioners cannot incur any expense for the survey, or for assistance in making the survey before the fund for the particular drain has been created, is to defeat the very object of the statute, and is to require the commissioners in such a case " to make brick without straw." It seems that this money was paid by Mr. Baker as a part of the expenses. The plaintiffs are his successors in office; and the undisputed testimony shows the necessity for this labor and expenditure. We think that the court did not err in this matter.

2. The second assignment alleges error in directing a verdict for the plaintiffs, and the sixth assignment alleges error because the court did not submit the case to the jury. Considering them together, it may be said that there was no conflict in the evidence, and it was clearly a case for a directed verdict. Was the verdict rightly directed? This raises the principal question in the case. Was there any fault in the conduct of the drain commissioner in making the change in the application at the request of the three signers? If this is to be treated as an open question, we think that the action of the commissioner was in good faith, and did not impair the validity of the application. Notwithstanding this clause, the power rested with the commissioners under the statute, after the survey and the final order of determination, to order and direct what lands were to be assessed as benefited. Any request in the petition covering this subject

was unauthorized, and was not binding on the officers. It might well be treated as surplusage. *Smith* v. *Carlow*, 114 Mich. 67 (72 N. W. 22). We have examined the records and briefs in *Gable* v. *Deal, supra,* and we think that it there appears that the circuit judge in his finding in that case virtually held that the first petition was valid. Error was assigned upon that finding, and this court disposed of that and other questions by saying:

"The other objections raised have had due consideration, and we find that they are not well taken."

It may well be urged that the question of the sufficiency of the first petition was disposed of in that case.

That the commissioner acted in good faith in following the advice of the prosecuting attorney and judge of probate, cannot from this record be questioned, and that being so, the petitioners are jointly and severally liable for the costs and expenses of the proceedings, if the same have been properly dismissed. We are of opinion that the right to dismiss both of these applications has been ruled by the former case in this court. The drain commissioner made the following order:

"STATE OF MICHIGAN, } ss.:
    "County of Allegan. }
    "The proposed drain to be located under the application of Joseph Deal and others, hereto annexed, having been examined by us and surveyed by Hugh MacDougall, county surveyor of said county, has been determined by us to be impracticable, which determination is hereby made of record, and having been abandoned by said Joseph Deal and other applicants, a new application made and proceedings thereon had having been stayed and annulled by a decree of the circuit court for the county of Barry, in chancery, and there being no further reason to, and it being impossible to further proceed upon said application, and all further proceedings in relation hereto, and said petition are hereby dismissed, at the cost of the applicants signing the same, to wit, Joseph Deal and other applicants signing said petition." Signed by drain commissioners of both counties.

The order dismissing the proceeding was proper. The

decree of the Barry circuit court in chancery applied to the entire proceeding, and it was impossible to further proceed therein. Such proceedings may be dismissed under the statute "for other cause" than that the drain is unnecessary or impracticable, and costs are to follow where the proceedings are dismissed or quashed for any cause not due to the negligence or fault of the commissioner. *Case* v. *Telling*, 112 Mich. 689 (71 N. W. 510); *Parker* v. *Lincoln*, 114 Mich. 306 (72 N. W. 173); *Brown* v. *Kennedy*, 132 Mich. 464 (93 N. W. 1073). If the case were to depend upon the laying aside of the first petition by the commissioner, it might be said that there could be no neglect or default, because that officer acted in good faith under the proper legal advice, to all of which the defendant assented.

If the situation at the time of the order dismissing the proceedings is to control, then there was not only ample reason for such action, but further proceedings were impossible; and it was not brought about in any sense by the neglect or fault of the drain commissioners. In either view of the case, there was no error on the part of the circuit judge in refusing to give the defendant's requests to charge. These refusals are the grounds of error alleged in the other assignments of error.

We find no error in the record, and the judgment of the circuit court is affirmed.

MOORE, MCALVAY, BROOKE, and BLAIR, JJ., concurred.