ATTORNEY GENERAL ex rel DEPARTMENT OF NATURAL
RESOURCES v SANILAC COUNTY DRAIN COMMISSIONER

Docket No. 104269. Submitted August 3, 1988, at Lansing. Decided
    December 6, 1988.

    The Attorney General, on behalf of the Michigan Department of
        Natural Resources, brought an action in the Sanilac Circuit
        Court for declaratory and injunctive relief against the Sanilac
        County Drain Commissioner and others. Plaintiff alleged that a
        clean-out and maintenance project being undertaken on the
        Elk Creek Drain, which drain was established in 1948 in full
        compliance with the Drain Code of 1923, was in violation of the
        Inland Lakes and Streams Act since no permit for the project
        had been issued by the DNR pursuant to the Inland Lakes and
        Streams Act. The court, M. Richard Knoblock, J., denied the
        relief sought by plaintiff. Defendants subsequently filed a
        counter-complaint seeking a declaration that the maintenance
        and improvement of the Elk Creek Drain was exempt from the
        permit requirement of the Inland Lakes and Streams Act. The
        court entered a judgment declaring the Elk Creek Drain to be
        so exempt. Plaintiff appealed.

    The Court of Appeals held:

    Section 4(g) of the Inland Lakes and Streams Act, MCL
        281.954(g); MSA 11.475(4)(g), provides in part that a permit
        shall not be required for the maintenance and improvement of
        all drains legally established or constructed prior to January 1,
        1973, pursuant to the Drain Code of 1956, which had expressly
        repealed the Drain Code of 1923. However, because the Legisla-
        ture incorporated a saving clause in the Drain Code of 1956
        providing that, inter alia, the 1956 code shall not impair or
        affect any act done or right accrued prior to the time the 1956
        code took effect, the exemption applies to the maintenance and
        improvement of the drain at issue in this case.

    Affirmed.

REFERENCES

Am Jur 2d, Drains and Drainage Districts §§ 31 et seq.
Am Jur 2d, Statutes §§ 155 et seq., 194 et seq.
See the Index to Annotations under Drains and Drainage Districts;
    Statutes.

1. STATUTES — JUDICIAL CONSTRUCTION.

A fundamental rule of statutory construction is that the Legislature is presumed to have intended the plain meaning of words used in a statute.

2. STATUTES — JUDICIAL CONSTRUCTION.

All language in a statute is presumed to have meaning and no word or phrase is to be treated as surplusage or rendered nugatory where possible.

3. STATUTES — REFERENCE TO OTHER STATUTES — JUDICIAL CONSTRUCTION.

The Legislature possesses the right and power to refer to provisions of another statute and render them applicable and binding as though incorporated and reenacted in the act under consideration.

4. STATUTES — REPEALING ACTS — SAVING CLAUSES.

The language of a saving clause in a repealing act is to be construed in light of the legislative intent to save the prior enactment and, while such legislative intent will not prevail over a subsequent clear and distinct enactment, it may go far to explain ambiguous or doubtful language.

5. DRAINS — MAINTENANCE AND IMPROVEMENT OF DRAINS — INLAND LAKES AND STREAMS ACT.

A permit from the Department of Natural Resources is not required by the Inland Lakes and Streams Act for the maintenance and improvement of drains legally established or constructed prior to January 1, 1973, pursuant to either the Drain Code of 1923 or 1956, except for those legally established drains constituting mainstream portions of certain watercourses as identified in rules promulgated pursuant to the act (MCL 280.1 et seq., 281.954[g]; MSA 11.001 et seq., 11.475[4][g]).

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, and *Thomas J. Emery* and *Leo H. Friedman,* Assistant Attorneys General, for plaintiff.

*Hubbard, Fox, Thomas, White & Bengston, P.C.* (by *Michael G. Woodworth* and *Geoffrey H. Seidlein*), for Sanilac County Drain Commissioner and Elk Creek Drainage District.

Before: DANHOF, C.J., and CYNAR and G. R. DE-
NEWETH* JJ.

PER CURIAM. On February 6, 1987, plaintiff filed
a complaint for injunctive and declaratory relief,
on behalf of the Michigan Department of Natural
Resources, in Sanilac Circuit Court. The complaint
alleged that a drainage project then in progress in
the Elk Creek Drainage District was in violation
of, among other things, the Inland Lakes and
Streams Act. On February 11, 1987, the circuit
court denied the relief sought by plaintiff. On
March 4, 1987, defendants filed a counter-com-
plaint seeking a declaratory judgment that the Elk
Creek Drain was exempt from the Inland Lakes
and Streams Act. On October 14, 1987, a judgment
issued which held that the Elk Creek Drain was
exempt. Plaintiff appeals as of right. We affirm the
circuit court.

In the trial court, the parties stipulated to the
following statement of facts:

1. The Elk Creek Drain is a county drain which
was lawfully established in 1948, pursuant to the
Michigan Drain Code of 1923.

2. The Elk Creek Drain does not now, nor has it
ever been, constituted as a mainstream portion of
a natural water course identified by the Natural
Resources Commission, pursuant to rules promul-
gated under section 11 of the Inland Lakes and
Streams Act.

3. All proceedings required under the provisions
of the Michigan Drain Code were properly con-
ducted, and all documents required under the
Michigan Drain Code were properly drafted, ob-
tained and filed.

4. On or about May 27, 1981, and September 28,
1981, the Sanilac County Drain Commissioner, Mr.

* Circuit judge, sitting on the Court of Appeals by assignment.

Stuart Armstead, received petitions, for the clean-out/maintenance of the Elk Creek Drain.

5. On or about May 31, 1984, a Board of Determination was convened, to consider whether the petitioned clean-out/maintenance of the Elk Creek Drain was necessary and conducive to public health, convenience or welfare. Following a public hearing, the Board of Determination determined that the petitioned clean-out/maintenance was necessary, and an Order of Necessity to that effect was entered and filed in the office of the Sanilac County Drain Commissioner.

6. On or about April 16, 1986, a Notice of Letting of Construction Contract for the petitioned clean-out/maintenance project in the Elk Creek Drain was issued.

7. On or about August 28, 1986, Mr. Les Thomas of the Michigan Department of Natural Resources telephoned Mr. Stuart Armstead for purposes of inquiring as to whether or not Mr. Armstead intended to file an application for a permit pursuant to the Inland Lakes and Streams Act, 1972 PA 346, same being MCL 281.951, et seq.; MSA 11.475(1), *et seq.* Mr. Armstead indicated that a permit was not required, pursuant to the exemption provisions of the Act.

8. That on September 15, 1986, the construction contracts were executed for the clean-out/maintenance work called for in the referenced petitions.

9. That, on or about September 20, 1986, the construction was commenced in the Elk Creek Drain clean-out/maintenance project.

10. Neither the Sanilac County Drain Commissioner nor the Elk Creek Drainage District applied for or obtained a permit under the Inland Lakes and Streams Act, relying upon the exemption set forth in Section 4(g) of said Act.

Additionally, the parties stipulated to a statement of the issue as follows:

Must a permit be obtained under the provisions

of the Inland Lakes and Streams Act for maintenance and improvement of a county drain, legally established or constructed prior to the effective date of the Michigan Drain Code of 1956, when that county drain does not constitute a mainstream portion of any natural watercourse identified in rules promulgated by the Natural Resources Commission pursuant to Section 11 of the Inland Lakes and Streams Act?

On September 4, 1987, the circuit court issued an opinion that no permit was required under the Inland Lakes and Streams Act for the maintenance and improvement of the county drain established prior to the Drain Code of 1956. As noted, a judgment consistent with the circuit court's opinion was issued on October 14, 1987. We agree with the circuit court.

The Inland Lakes and Streams Act is a regulatory scheme limiting construction and other activities which may adversely affect Michigan lakes and waterways. This is accomplished by requiring that a permit be issued by the Department of Natural Resources before any construction as outlined in the act is initiated. MCL 281.953; MSA 11.475(3). An exemption from the permit requirement is provided in § 4(g) of the act, MCL 281.954(g); MSA 11.475(4)(g):

A permit shall not be required for:

* * *

(g) Maintenance and improvement of all drains legally established or constructed prior to January 1, 1973, pursuant to Act No. 40 of the Public Acts of 1956, as amended, being sections 280.1 to 280.630 of the Michigan Compiled Laws, except those legally established drains constituting mainstream portions of certain natural watercourses identified in rules promulgated by the commission pursuant to section 11.

A fundamental rule of statutory construction is that the Legislature is presumed to have intended the plain meaning of words used in a statute. *Arrigo's Fleet Service, Inc v Michigan,* 125 Mich App 790, 792; 337 NW2d 26 (1983), citing *MacQueen v Port Huron City Comm,* 194 Mich 328, 342; 160 NW 627 (1916). All language in a statute is presumed to have meaning and no word or phrase is to be treated as surplusage or rendered nugatory where possible. *Bannan v City of Saginaw,* 120 Mich App 307, 320; 328 NW2d 35 (1982), citing *Baker v General Motors Corp,* 409 Mich 639, 665; 297 NW2d 387 (1980).

In the present case, we first find the statute clear and unambiguous that a permit is not required for the maintenance and improvement of "all drains legally established or constructed prior to January 1, 1973." Plaintiff, however, argues that the "pursuant to" language limits the exemption to those drains legally established or constructed following the enactment of the Drain Code of 1956. We disagree.

The Drain Code of 1956, MCL 280.1 *et seq.*; MSA 11.1001 *et seq.*, represents the Legislature's attempt to codify all laws regarding drains and to provide procedures to be followed in proceedings to construct and maintain drains. *Toth v Waterford Twp,* 87 Mich App 173, 176; 274 NW2d 7 (1978). It is well settled that the Legislature possesses the right and power to refer to provisions of another statute and render them applicable and binding as though incorporated and reenacted in the act under consideration. *Alan v Wayne Co,* 388 Mich 210, 274; 200 NW2d 628 (1972), citing *Clay v Penoyer Creek Improvement Co,* 34 Mich 204, 208 (1876). In such a case, the sections referred to must be treated as though they had been reenacted at length in the act under consideration and without

any changes having been made such that the scope may not be broadened or enlarged. *Id.*

In the present case, § 4(g) of the Inland Lakes and Streams Act makes reference, not to a single section of the Drain Code, but to the entire act, "being sections 280.1 to 280.630 of the Michigan Compiled Laws." We therefore turn to the Drain Code of 1956 to determine its applicability to a construction of § 4(g) of the Inland Lakes and Streams Act. The Elk Creek Drain was, as stipulated to by the parties, lawfully established in 1948 pursuant to the Michigan Drain Code of 1923. The Drain Code of 1956, in MCL 280.621; MSA 11.1621, repealed the 1923 act. However, through a proviso contained in MCL 280.623; MSA 11.1623, a "saving clause" provides:

> This act shall not impair or affect any act done, offense committed or right accruing, accrued or acquired, or liability, penalty, forfeiture or punishment incurred prior to the time this act takes effect, but the same may be enjoyed, asserted, enforced, prosecuted or inflicted, as fully and to the same extent as if this act had not been passed.

The language of a saving clause in a repealing act is to be construed in light of the legislative intent to save the prior enactment and, while such legislative intent will not prevail over a subsequent clear and distinct enactment, it may go far to explain ambiguous or doubtful language. *Blackwood v Van Vleit,* 30 Mich 118, 119-120 (1874). In *Blackwood,* the Supreme Court construed a saving clause as evidencing a legislative intent to preserve to certain deed holders provisions which rendered prior deeds prima facie evidence of title. Similarly, in the present case, the saving clause contained in the Drain Code of 1956 evidences a legislative intent to preserve to defendants all

rights accrued at the time the act became effective "to the same extent as if this act had not been passed." See also *Gitchel v Whipple,* 126 Mich 646; 86 NW 144 (1901). Thus, we reject plaintiff's reading of § 4(g) of the Inland Lakes and Streams Act as providing for a different set of rights in relation to drains constructed prior to and following the Drain Code of 1956. Such a reading is contrary to the legislative intent as expressed in the Drain Code.

We affirm the judgment of the trial court that no permit was required under the Inland Lakes and Streams Act for the maintenance or improvement of the Elk Creek Drain.

Affirmed.