PEOPLE v KERN

Docket No. 289478. Submitted May 6, 2010, at Detroit. Decided May 25, 2010, at 9:00 a.m.

Sean M. Kern pleaded guilty in the Macomb Circuit Court of second-degree criminal sexual conduct involving a victim under 13 years of age. The trial court, Donald G. Miller, J., sentenced him to five years' probation, with 365 days to be served in jail, and ordered defendant to register as required by the Sex Offenders Registration Act, MCL 28.721 *et seq.* The probation officer assigned to defendant then requested that the trial court amend the judgment of sentence to require lifetime electronic monitoring. Following a resentencing hearing, the trial court denied the request, concluding that such monitoring applies only to persons who have been released on parole or from prison, or both. The Court of Appeals granted the prosecution's delayed application for leave to appeal the trial court's refusal to sentence defendant to lifetime electronic monitoring.

The Court of Appeals *held*:

1. Standing alone, MCL 750.520c and MCL 750.520n both indicate that all defendants convicted of second-degree criminal sexual conduct for conduct committed by an individual 17 years of age or older against an individual less than 13 years old are subject to lifetime electronic monitoring. MCL 750.520c(2)(b) states that defendants shall be sentenced to lifetime electronic monitoring under MCL 750.520n, however, and MCL 750.520n(1) states that defendants shall be sentenced to lifetime monitoring as provided under MCL 791.285. Therefore, the scope of the requirement of lifetime electronic monitoring is limited to the dictates of MCL 791.285.

2. MCL 791.285(1) requires the Department of Corrections, through the lifetime electronic monitoring program, to implement a system of monitoring individuals released on parole or from prison, or both, who are sentenced to lifetime electronic monitoring. And MCL 791.285(1)(a) provides that the monitoring is to occur from the time the individual is released on parole or from prison until the time of the individual's death. Therefore, under MCL 791.285, the department must implement the program only

for those persons who are released on parole or from prison, or both. Because only persons who are sentenced to prison can be released from prison or released on parole, such monitoring does not apply to persons placed on probation or sent to jail. The trial court properly determined defendant is not subject to lifetime electronic monitoring.

Affirmed.

CRIMINAL LAW — SECOND-DEGREE CRIMINAL SEXUAL CONDUCT — SENTENCES — LIFETIME ELECTRONIC MONITORING.

A defendant who is convicted of second-degree criminal sexual conduct for conduct committed while the defendant was 17 years of age or older against an individual less than 13 years old and who is sentenced to probation or a jail term, or both, may not be sentenced to lifetime electronic monitoring; only persons who are released on parole or from prison, or both, may be sentenced to lifetime electronic monitoring (MCL 750.520c, 750.520n, 791.285).

*Michael A. Cox*, Attorney General, *B. Eric Restuccia*, Solicitor General, *Eric J. Smith*, Prosecuting Attorney, and *Jean M. Femminineo*, Assistant Prosecuting Attorney, for the people.

*Donald R. Cook* for defendant.

Before: METER, P.J., and MURRAY and BECKERING, JJ.

PER CURIAM. This case involves the interplay of provisions in the Michigan Penal Code, MCL 750.1 *et seq.*, and the Corrections Code, MCL 791.201 *et seq.*, pertaining to lifetime electronic monitoring. Defendant pleaded guilty of second-degree criminal sexual conduct (CSC), MCL 750.520c(1)(a) (victim under 13 years of age), arising out of a January 13, 2008, incident. The trial court sentenced him to five years' probation, with 365 days to be served in jail. Defendant was also ordered to register as required by the Sex Offenders Registration Act (SORA), MCL 28.721 *et seq.* We granted the prosecution's delayed application for leave to appeal the trial court's refusal to sentence defendant to lifetime

electronic monitoring and, more specifically, the court's conclusion that such monitoring applies only to persons who have been released on parole or from prison, or both. We affirm.

### I. PERTINENT FACTS AND PROCEDURAL HISTORY

Defendant pleaded guilty to one count of second-degree CSC pursuant to a plea agreement under which the prosecution agreed to dismiss a second count of second-degree CSC and an additional count of selling or furnishing alcohol to a minor, MCL 436.1701(1), and to recommend that defendant receive a five-year probationary sentence with no more than one year to be served in jail. The trial court also granted the prosecution's motion to amend the information to state that a second-degree CSC conviction carries an additional penalty of lifetime electronic monitoring. At the sentencing hearing, the court adopted the prosecution's recommended sentence of five years' probation, with 365 days to be served in jail.

The probation officer assigned to defendant subsequently requested that the trial court amend the judgment of sentence to require lifetime electronic monitoring. At a resentencing hearing, the court denied the request. The court considered the statutes at issue, an opinion by Kent Circuit Court Judge Dennis Kolenda in an unrelated case, which held that lifetime electronic monitoring does not apply to probationers under the current statutory scheme, and the legislative analysis undertaken by the prosecution. The trial court took note of the severity of the offense by commenting that "I think we can all agree that the, we find any sexual attack on a child 13 years or younger is an abhorrent attack against not only the child, but against society and needs to be punished severely. There's no question

about that." The court expressed concerns, however, about funding the monitoring and the issue of lifetime sanctions. In conclusion, the court stated:

> I think the whole thing is in a tremendous state of flux. Certainly we appreciate your efforts to get through this cloud, but I have to balance your analysis against Judge Kolenda's analysis.
>
> I don't think, I don't think anybody in the state at this point is prepared to either affirm or deny, absent another look at these various positions. It is very clouded at this point.
>
> So at this point I'm going to deny the motion to install this lifetime tether without prejudice, and we'll take another look at it and you can bring it later as well.

The trial court subsequently entered a sentence disposition specifying that defendant is not subject to lifetime electronic monitoring.

## II. STANDARD OF REVIEW AND RULES FOR STATUTORY CONSTRUCTION

Whether defendant is subject to the statutory requirement of lifetime electronic monitoring involves statutory construction, which is reviewed de novo. *People v Osantowski*, 481 Mich 103, 107; 748 NW2d 799 (2008).

"[T]he primary goal of statutory construction is to give effect to the Legislature's intent." *Id.* (quotation marks and citation omitted). "The statute's words are the most reliable indicator of the Legislature's intent and should be interpreted based on their ordinary meaning and the context within which they are used in the statute." *People v Lowe*, 484 Mich 718, 721-722; 773 NW2d 1 (2009). An unambiguous statute is enforced as written. *People v Holder*, 483 Mich 168, 172; 767 NW2d 423 (2009). It is only when statutory language is ambiguous that a court may look outside the statute to ascertain legislative in-

tent. *Id*. A statutory provision is ambiguous if it irreconcilably conflicts with another provision or is equally susceptible to more than one meaning. *People v Gardner*, 482 Mich 41, 50 n 12; 753 NW2d 78 (2008).

In general, "[s]tatutes that address the same subject or share a common purpose are *in pari materia* and must be read together as a whole." *People v Harper*, 479 Mich 599, 621; 739 NW2d 523 (2007). No one provision may be viewed in a vacuum. See *Jansson v Dep't of Corrections*, 147 Mich App 774, 777; 383 NW2d 152 (1985). "The object of the in pari materia rule is to give effect to the legislative purpose as found in harmonious statutes." *People v Webb*, 458 Mich 265, 274; 580 NW2d 884 (1998).

### III. APPLICABLE LAW

The Michigan Penal Code expressly provides for its provisions to be "construed according to the fair import of their terms, to promote justice and to effect the objects of the law." MCL 750.2. Before August 2006, MCL 750.520c(2) provided that a second-degree CSC conviction was punishable by "imprisonment for not more than 15 years." As amended by 2006 PA 171, effective August 28, 2006, subsection (2) provides:

> Criminal sexual conduct in the second degree is a felony punishable as follows:
>
> (a) By imprisonment for not more than 15 years.
>
> (b) In addition to the penalty specified in subdivision (a), the court *shall sentence the defendant to lifetime electronic monitoring under section 520n* if the violation involved sexual contact committed by an individual 17 years of age or older against an individual less than 13 years of age.[1] [MCL 750.520c(2) (emphasis added).]

---

[1] A similar provision was added by 2006 PA 169 to MCL 750.520b, the statute governing first-degree CSC. MCL 750.520b(2)(d). Because a defendant convicted of first-degree CSC may not be sentenced to proba-

Section 520n of the Michigan Penal Code, MCL 750.520n, was added by 2006 PA 171, effective August 28, 2006. MCL 750.520n(1) provides:

A person convicted under [MCL 750.520b or 750.520c] for criminal sexual conduct committed by an individual 17 years old or older against an individual less than 13 years of age *shall be sentenced to lifetime electronic monitoring as provided under section 85 of the corrections code of 1953, 1953 PA 232, MCL 791.285.* [Emphasis added.]

The Department of Corrections was created under the Corrections Code. MCL 791.201. Its exclusive jurisdiction includes, but is not limited to, probation officers, the administration of probation orders, paroles, penal institutions, and the "lifetime electronic monitoring program established under [MCL 791.285]." MCL 791.204. The lifetime electronic monitoring program was established by 2006 PA 172, effective August 28, 2006. MCL 791.285 provides:

(1) The lifetime electronic monitoring program is established in the department. The lifetime electronic monitoring program shall implement a system of monitoring individuals released from *parole, prison, or both parole and prison* who are sentenced by the court to lifetime electronic monitoring. The lifetime electronic monitoring program shall accomplish all of the following:

(a) By electronic means, track the movement and location of each individual from the time the individual is released on *parole* or from *prison* until the time of the individual's death.

(b) Develop methods by which the individual's movement and location may be determined, both in real time and recorded time, and recorded information retrieved upon request by the court or a law enforcement agency.

tion, however, the concerns addressed herein do not apply to that statute. See *People v Nyx*, 479 Mich 112, 117 n 8; 734 NW2d 548 (2007); *People v Wells*, 138 Mich App 450, 451; 360 NW2d 219 (1984).

(2) An individual who is sentenced to lifetime electronic monitoring shall wear or otherwise carry an electronic monitoring device as determined by the department under the lifetime electronic monitoring program in the manner prescribed by that program and shall reimburse the department or its agent for the actual cost of electronically monitoring the individual.

(3) As used in this section, "electronic monitoring" means a device by which, through global positioning system satellite or other means, an individual's movement and location are tracked and recorded. [Emphasis added.]

### IV. ANALYSIS

Considering MCL 750.520c, MCL 750.520n, and MCL 791.285 together, we agree with the trial court that lifetime electronic monitoring applies only to persons who have been released on parole or from prison, or both, and, therefore, does not apply to defendant, who was sentenced to five years' probation, with 365 days to be served in jail.

Standing alone, the terms of MCL 750.520c and MCL 750.520n indicate that all defendants convicted of second-degree CSC for conduct committed by an individual 17 years of age or older against an individual less than 13 years old are subject to lifetime electronic monitoring, without exception. Both statutes unambiguously state that such defendants *shall* be sentenced to lifetime electronic monitoring. MCL 750.520c(2)(b); MCL 750.520n(1). The term "shall" in a statute generally indicates a mandatory, rather than permissive, duty. *People v Francisco*, 474 Mich 82, 87; 711 NW2d 44 (2006).

But MCL 750.520c(2)(b) and 750.520n(1) are only portions of longer statutes. When one statute explicitly refers to provisions of another statute, those provisions are applicable and binding as though they had been

incorporated and reenacted in the statute under consideration. *Attorney General ex rel Dep't of Natural Resources v Sanilac Co Drain Comm'r*, 173 Mich App 526, 531; 434 NW2d 181 (1988). The referenced provisions must be treated as though they are part of the statute at issue. *Id.* MCL 750.520c(2)(b) states that defendants shall be sentenced to lifetime electronic monitoring "under section 520n," and MCL 750.520n(1) states that defendants "shall be sentenced to lifetime electronic monitoring as provided under section 85 of the corrections code of 1953, 1953 PA 232, MCL 791.285." Those phrases define the scope of the requirement of lifetime electronic monitoring, meaning that the requirement is limited to the dictates of MCL 791.285. See *People v Perks (On Remand)*, 259 Mich App 100, 106; 672 NW2d 902 (2003); *Sanilac Co Drain Comm'r*, 173 Mich App at 531.

MCL 791.285(1) requires the Department of Corrections, through the lifetime electronic monitoring program, to "implement a system of monitoring individuals released from parole, prison, or both parole and prison who are sentenced by the court to lifetime electronic monitoring." Likewise, MCL 791.285(1)(a) provides that the monitoring is to occur "from the time the individual is released on parole or from prison until the time of the individual's death." Under MCL 791.285, the Department of Corrections must implement a lifetime electronic monitoring program only for those persons who are released on parole or from prison, or both. Only persons who are sentenced to prison can be released from prison or released on parole. Accordingly, as will be explained further, such monitoring does not apply to persons put on probation or sent to jail.

The Legislature often uses the term "imprisonment" to mean confinement in jail or confinement in prison.

*People v Spann*, 469 Mich 904 (2003). But it is clear that the terms "jail" and "prison" have distinct legal meanings. See *Kent Co Prosecutor v Kent Co Sheriff*, 425 Mich 718, 730 n 10; 391 NW2d 341 (1986). A "jail" is defined in the Corrections Code as "a facility that is operated by a local unit of government . . . ." MCL 791.262(1)(c). "Prison" is synonymous with a penitentiary, not a city or county jail. See *People v Harper*, 83 Mich App 390, 398; 269 NW2d 470 (1978).

Similarly, the terms "probation" and "parole" have distinct legal meanings. Probation is, by definition, a matter of grace imposed by a sentencing court. *Harper*, 479 Mich at 626. Under the Code of Criminal Procedure, MCL 760.1 *et seq.*, probation is available in

> all prosecutions for felonies, misdemeanors, or ordinance violations other than murder, treason, criminal sexual conduct in the first or third degree, armed robbery, or major controlled substance offenses, if the defendant has been found guilty upon verdict or plea and the court determines that the defendant is not likely again to engage in an offensive or criminal course of conduct and that the public good does not require that the defendant suffer the penalty imposed by law . . . . [MCL 771.1(1).]

It is treated as an intermediate sanction for purposes of the sentencing guidelines, with "intermediate sanction" defined in MCL 769.31(b) as "probation or any sanction, other than imprisonment in a state prison or state reformatory . . . ." Parole matters, by contrast, fall within the Department of Corrections' exclusive jurisdiction, subject to limited judicial review. *Hopkins v Parole Bd*, 237 Mich App 629, 646; 604 NW2d 686 (1999). "Parole is a conditional release; a paroled prisoner is technically still in the custody of the Department of Corrections, which is executing the sentence imposed by the court." *People v Raihala*, 199 Mich App 577, 579; 502 NW2d 755 (1993).

Further, the Legislature has repeatedly demonstrated its ability to use the terms "probation" and "parole" when it intends that a statute apply to both. This is evident from the Legislature's grant of exclusive jurisdiction to the Department of Corrections in the Corrections Code with respect to both "paroles" and the "administration of all orders of probation." MCL 791.204(a) and (b). See also MCL 333.5129(11) (providing for the allocation of payments if "an individual is ordered to pay a combination of fines, costs, restitution, assessments, probation or parole supervision fees, or other payments upon conviction"); MCL 750.110a(4)(b)(*i*) and (*ii*) (providing that the elements of one form of third-degree home invasion include violation of a "probation term or condition" or "parole term or condition"); MCL 769.1a(11) (stating that "[i]f the defendant is placed on probation or paroled or the court imposes a conditional sentence under [MCL 769.3], any restitution ordered under this section shall be a condition of that probation, parole, or sentence").

In MCL 791.285, the Legislature used the terms "parole" and "prison" and did not use the terms "probation" or "jail." A court may not engraft on a statutory provision a term that the Legislature might have added to a statute but did not. *People v Jahner*, 433 Mich 490, 504; 446 NW2d 151 (1989). The Legislature's distinction between "parole" and "probation," and "prison" and "jail," must be respected. Cf. *People v Poole*, 218 Mich App 702, 712; 555 NW2d 485 (1996) (explaining that the legislative distinction between "conviction" and terms such as "commit" or "violation" in repeat offender statutes must be respected). MCL 750.520n(1) of the Michigan Penal Code directs that defendants shall be sentenced to lifetime electronic monitoring as provided under MCL 791.285 of the Corrections Code. Because the latter statute only provides for the imple-

mentation of a lifetime electronic monitoring program for those defendants who are released on parole or from prison, or both, defendants given probation or sent to jail are not subject to such monitoring.

Because there is no ambiguity in the statutes at issue, we must decline to consider the legislative analysis on which the prosecution relies on appeal. A "resort to legislative history of any form is proper *only* where a genuine ambiguity exists in the statute. Legislative history cannot be used to create an ambiguity where one does not otherwise exist." *In re Certified Question*, 468 Mich 109, 115 n 5; 659 NW2d 597 (2003). In any event, "not all legislative history is of equal value . . . ." *Id.* As explained in *Gardner*, 482 Mich at 58:

> Some historical facts may allow courts to draw reasonable inferences about the Legislature's intent because the facts shed light on the Legislature's affirmative acts. For instance, we may consider that an enactment was intended to repudiate the judicial construction of a statute, or we may find it helpful to compare multiple drafts debated by the Legislature before settling on the language actually enacted. Other facts, however, such as staff analyses of legislation, are significantly less useful because they do not necessarily reflect the intent of the Legislature as a body.

The prosecution relies on a staff analysis of four House bills to amend provisions of the Michigan Penal Code and the Corrections Code, Senate Legislative Analysis, HB 5421 (Substitute H-2), HB 5422 (Substitute H-2), HB 5531 (Substitute H-3), and HB 5532 (Substitute H-1), May 9, 2006. The analysis states that it "was prepared by nonpartisan Senate staff for use by the Senate in its deliberations and does not constitute an official statement of legislative intent." *Id.* at 5. Arguably, the analysis assumes that lifetime electronic monitoring would apply to probationers convicted of second-degree CSC. It states, in part:

> In the case of an offender convicted of second-degree CSC and sentenced to a term of probation, it is unclear whether the lifetime electronic monitoring sentence would run concurrently with the term of probation, or consecutively to the term of probation. The minimum probation term for an offender convicted of second degree CSC is five years. If the lifetime electronic monitoring sentence ran after imprisonment and probation sentences, the DOC would not incur the cost of operating the monitoring program until the first offender convicted after the effective date of the bills was released from imprisonment or probation. [*Id.* at 4.]

Examined in the context of the statutory scheme, the lack of clarity noted in the analysis appears to reflect nothing more than that the lifetime electronic monitoring program established by MCL 791.285 contains no provision for probationers and, hence, no startup date for monitoring.

The prosecution persuasively argues that persons convicted of second-degree CSC for conduct committed by an individual 17 years of age or older against an individual less than 13 years old and sentenced to probation or jail time present a similar, if not the same, risk to the public as those sentenced to time in prison and, therefore, should be subject to lifetime electronic monitoring. But "arguments that a statute is unwise or results in bad policy should be addressed to the Legislature." *People v Kirby*, 440 Mich 485, 493-494; 487 NW2d 404 (1992). Whether the Legislature's actions are due to concerns about taxing county resources, a strategic decision that crimes resulting in sentences to jail or probation[2] do not merit the time and expense involved with lifetime electronic monitoring in addition to maintaining the defendant's listing on the Michigan

---

[2] As stated earlier, a trial court may grant probation if the court determines that the defendant is "not likely again to engage in an

public sex offender registry, or a mere drafting oversight is not for us to decide. While the Legislature may deem it necessary to make changes to the statutory scheme to provide for the monitoring of persons sentenced to probation or jail time, such changes are not within the province of the judicial branch. Because this is a particularly important matter of public interest, we urge the Legislature to review whether it was indeed the intent of that body to exclude from lifetime electronic monitoring individuals convicted of second-degree criminal sexual conduct who are sentenced to probation or jail time.

### V. CONCLUSION

Because MCL 791.285 only provides for the implementation of lifetime electronic monitoring of persons who have been released on parole or from prison, or both, defendant, who was sentenced to five years' probation, with 365 days to be served in jail, is not subject to lifetime electronic monitoring.

Affirmed.

---

offensive or criminal course of conduct" and "the public good does not require that the defendant suffer the penalty imposed by law . . . ." MCL 771.1(1).