# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

      Plaintiff-Appellee,

v

PHILLIP EDWARD SHENOSKEY,

      Defendant-Appellant.

FOR PUBLICATION
June 8, 2017
9:10 a.m.

No. 332735
Mackinac Circuit Court
LC No. 2015-003665-FH

PEOPLE OF THE STATE OF MICHIGAN,

      Plaintiff-Appellee,

v

JIMMIE EARL CRAWFORD,

      Defendant-Appellant.

No. 333375
Mecosta Circuit Court
LC No. 15-008538-FH

Before: SAWYER, P.J., and MURRAY and GLEICHER, JJ.

PER CURIAM.

In Docket No. 332735, defendant Shenoskey pled guilty to operating a motor vehicle while intoxicated, third offense, MCL 257.625(9)(c), and was sentenced to 18 months to 5 years in prison. In Docket No. 333375, defendant Crawford pled guilty to possession with intent to deliver marijuana, MCL 333.7401(2)(d)(iii), and was sentenced to 2 years' probation. Both appeal by leave granted. This Court, on its own motion, consolidated the appeals. We affirm.

Both these cases raise questions of constitutional and statutory interpretation. Constitutional questions are reviewed de novo, *People v Harper*, 479, Mich 599, 610; 739 NW2d 523 (2007), as are matters of statutory construction. *People v Kern*, 288 Mich App 513, 516; 794 NW2d 362 (2010). Additionally, none of the issues raised by defendants were properly preserved for appeal, so we review these issues for plain error. *People v Carines*, 460 Mich 750, 763; 597 NW2d 130 (1999).

Defendant Shenoskey's sole issue on appeal is that the $68 dollars in costs imposed under MCL 769.1j is an unconstitutional tax that violates separation of powers, Const 1963, art 3, § 2, and is in violation of Const 1963, art 4, § 32. We disagree. MCL 769.1j(1)(a) provides as follows:

> Beginning October 1, 2003, if the court orders a person convicted of an offense to pay any combination of a fine, costs, or applicable assessments, the court shall order that the person pay costs of not less than the following amount, as applicable:

> (a) $68.00, if the defendant is convicted of a felony.

Defendant initially argues that he was not subject to the imposition of these costs because he was not sentenced to a combination of "a fine, costs, or applicable assessments." We disagree. The trial court imposed a crime victims' rights assessment, court costs, attorney fees and other unspecified costs. Therefore, a combination of fines, costs and other assessments were imposed, thus making defendant subject to MCL 769.1j(1)(a).

We then turn to defendant's primary claim, that MCL 769.1j(1)(a) is unconstitutional. Defendant first argues that the statute violates separation of powers under Const 1963, art 3, § 2. We disagree. We find guidance in this Court's recent decision in *People v Cameron*, ___ Mich App ___; ___ NW2d ___ (No. 330876, rel'd 4/4/2017), which considered the same argument with regards to a closely related statute, MCL 769.1k(1)(b)(iii). For the same reasons that *Cameron* found MCL 769.1k(1)(b)(iii) to be a tax, we conclude that the costs imposed under MCL 769.1j(1)(a) are also a tax. *Cameron, slip op* at 9-11, also addressed the separation of powers issue. We agree with the Court's observation that "even if our Legislature delegated some of its taxing authority to the circuit courts, the Michigan Constitution does not require an absolute separation of powers." *Cameron, slip op* at 10. In sum, we conclude that the analysis of the separation of powers issue in *Cameron* applies equally here and, for those reasons, we reject defendant's argument.

Additionally, defendant makes a brief argument that MCL 769.1j(1)(a) also violates the requirement of Const 1963, art 4, § 32 that "[e]very law which imposes, continues or revives a tax shall distinctly state the tax." Again, *Cameron, slip op* at 7-9, considered and rejected this argument. For the same reasons, we do so as well.

Finally, we note that defendant also argues that MCL 769.1j(1)(a) is problematic because it states that the cost imposed shall be "not less than" $68 without providing guidance to the trial court for imposing a greater amount. We need not address this point because in this case the trial court imposed the minimum assessment of $68.

---

Defendant Crawford raises two challenges to his sentence. First, he argues that the trial court erred in failing to consider his income at the time it imposed the probation oversight fees. We disagree.

MCL 771.3c(1) provides as follows:

The circuit court shall include in each order of probation for a defendant convicted of a crime that the department of corrections shall collect a probation supervision fee of not more than $135.00 multiplied by the number of months of probation ordered, but not more than 60 months. The fee is payable when the probation order is entered, but the fee may be paid in monthly installments if the court approves installment payments for that probationer. In determining the amount of the fee, the court shall consider the probationer's projected income and financial resources. The court shall use the following table of projected monthly income in determining the amount of the fee to be ordered:

| Projected Monthly Income | Amount of Fee |
| --- | --- |
| $0-249.99 | $0 |
| $250.00-499.99 | $10.00 |
| $500.00-749.99 | $25.00 |
| $750.00-999.99 | $40.00 |
| $1,000 or more | 5% of projected monthly income, but not more than $135.00 |

The court may order a higher amount than indicated by the table, up to the maximum of $135.00 multiplied by the number of months of probation ordered, but not more than 60 months, if the court determines that the probationer has sufficient assets or other financial resources to warrant the higher amount. If the court orders a higher amount, the amount and the reasons for ordering that amount shall be stated in the court order. The fee shall be collected as provided in section 25a of the corrections code of 1953, 1953 PA 232, MCL 791.225a. A person shall not be subject to more than 1 supervision fee at the same time. If a supervision fee is ordered for a person for any month or months during which that person already is subject to a supervision fee, the court shall waive the fee having the shorter remaining duration.

Defendant was sentenced to 24 months' probation and the trial court imposed probation oversight fees of $240, or $10 per month. This would correspond to projected monthly income of at least $250.00. Defendant's argument that the trial court failed to comply with the statute by not considering his income is flawed. First, the statute does not require that the court consider the defendant's *current* income, but, rather, his *projected* income. One of the conditions of

defendant's probation is that he obtained employment and maintain employment for at least 30 hours per week.  Even at minimum wage, defendant's projected income would significantly exceed the $250 per month income necessary to justify the probation oversight fees imposed.

Defendant's second argument is that the provision of MCL 600.4803 that imposes a 20% penalty for failure to pay a penalty, fee or cost within 56 days that it is due is unconstitutional.  MCL 600.4803(1) provides as follows:

> A person who fails to pay a penalty, fee, or costs in full within 56 days after that amount is due and owing is subject to a late penalty equal to 20% of the amount owed.  The court shall inform a person subject to a penalty, fee, or costs that the late penalty will be applied to any amount that continues to be unpaid 56 days after the amount is due and owing.  Penalties, fees, and costs are due and owing at the time they are ordered unless the court directs otherwise.  The court shall order a specific date on which the penalties, fees, and costs are due and owing.  If the court authorizes delayed or installment payments of a penalty, fee, or costs, the court shall inform the person of the date on which, or time schedule under which, the penalty, fee, or costs, or portion of the penalty, fee, or costs, will be due and owing.  A late penalty may be waived by the court upon the request of the person subject to the late penalty.

Defendant first argues that the 20% rate is usurious.  This argument is nonsensical.  First, it is a penalty, not interest.  Second, even if we were to classify it as interest, usury limits are set by the Legislature and, obviously, in this instance the Legislature set it at 20%.  That is, any interest rate set by the Legislature cannot, by definition, be deemed usurious.  Defendant acknowledges that the Legislature has set a variety of different usury limits and interest rates for various purposes.  But those limits or rates are not relevant to the issue at hand; rather, they reflect that the Legislature can, and does, set different rates for different purposes.

Defendant further argues that the 20% penalty, "imposed for no reason other than the inability to pay," violates the equal protection and due process clauses of the federal and state constitutions.  See US Const, Am XIV and Const 1963, art 1, § 17.[1]  Defendant relies upon *Bearden v Georgia*, 461 US 660; 103 S Ct 2064; 76 L Ed 2d 221 (1983), for the proposition that a defendant cannot be subject to a greater penalty merely because of his inability to pay a fine or cost imposed by the court.  But this concern is addressed by the last sentence in MCL 600.4803(1), which grants the trial court the authority to waive the penalty.  Thus, a mechanism is in place to excuse the imposition of the penalty for a defendant who is unable, through no fault of his or her own, to pay the fine, fee or cost upon which the 20% penalty is being imposed.  Therefore, there is no due process violation.

---

[1] Defendant also cites to the US Const, Am V.  But that provision, of course, only applies to the federal government.  The due process clause of the 14th Amendment is the operative provision applying to the states.

As for defendant's equal protection argument, this argument is frivolous. The statute does not treat any person subject to the penalty different than any other person. That is, all persons who fail to pay the fine, fee or cost within 56 days are subject to the 20% penalty. All are treated the same.

For the above reasons, we conclude that neither defendant has demonstrated that the trial courts committed plain error in the issues presented on appeal.

Affirmed.

/s/ David H. Sawyer
/s/ Christopher M. Murray
/s/ Elizabeth L. Gleicher