*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

      Plaintiff-Appellee,

v

JOHN G. DOLSCHENKO,

      Defendant-Appellant.

UNPUBLISHED
April 20, 2023

No. 360169
Ogemaw Circuit Court
LC No. 20-005342-FH

Before: GARRETT, P.J., and K. F. KELLY and HOOD, JJ.

PER CURIAM.

Defendant appeals by right his bench-trial conviction of failure to pay child support, for which he was sentenced to 79 days in jail with credit for 79 days served, and ordered to pay $39,254.36 in costs, fees, and restitution. Finding no errors warranting reversal, we affirm.

## I. BASIC FACTS AND PROCEDURAL HISTORY

Defendant, John G. Dolschenko, and his former wife, Sheryle Musser, were married in 2001 and have three children. The couple separated in 2011 while living in the state of New York, after which that state granted physical custody of the three children to Musser, and joint legal custody to Musser and defendant. Musser and the children moved to Michigan and, on February 15, 2015, Musser filed for divorce in Michigan and sought sole physical and legal custody of the three children. The court entered a temporary child support order, requiring defendant to pay $1,069 per month in child support. In January 2016, the court held a hearing, in which defendant was present. The divorce was finalized the same month, wherein Musser was granted sole physical and legal custody of the children, and defendant was ordered to pay $1,282 per month in child support.

Defendant failed to pay the required support from January 1, 2017, to February 1, 2019, and was charged with one count of failure to pay child support, MCL 750.165. There was no dispute during defendant's bench trial that defendant failed to comply with the child support order from January 1, 2017 to February 1, 2019. Instead, defendant argued the underlying child support order was void because the court that issued the order did not have subject-matter jurisdiction. The court ultimately disagreed, and defendant was convicted as noted above. This appeal followed.

## II. STANDARD OF REVIEW

We review a trial court's findings of fact for clear error and conclusions of law de novo. *People v Pennington*, 323 Mich App 452, 464 n 7; 917 NW2d 720 (2018). "A finding is clearly erroneous when, although there is evidence to support it, the reviewing court is left with a definite and firm conviction that a mistake has been made." *People v Lanzo Constr Co*, 272 Mich App 470, 473; 726 NW2d 746 (2006). This Court reviews de novo issues concerning jurisdiction. *People v Taylor*, 316 Mich App 52, 54; 890 NW2d 891 (2016). Questions of statutory construction are also reviewed de novo. *People v Kern*, 288 Mich App 513, 516; 794 NW2d 362 (2010).

## III. ANALYSIS

On appeal, defendant contends that the trial court erred when finding him guilty of failure to pay child support because the Michigan courts did not have subject-matter jurisdiction to order child support in the first place. We disagree.

The felony nonsupport statute, MCL 750.165 states, in relevant part:

> (1) If the court orders an individual to pay support for the individual's former or current spouse, or for a child of the individual, and the individual does not pay the support in the amount or at the time stated in the order, the individual is guilty of a felony punishable by imprisonment for not more than 4 years or by a fine of not more than $2,000.00, or both. [MCL 750.165(1).]

In order to convict a defendant for failure to pay child support, the prosecutor must prove: "(1) the defendant was required by a divorce order to support a child, (2) the defendant appeared in or received notice of the action in which the order was issued, and (3) the defendant failed to pay the required support at the time ordered or in the amount ordered." *People v Iannucci*, 314 Mich App 542, 544; 887 NW2d 817 (2016). Felony nonsupport is a strict liability offense, meaning the prosecutor is not required to show intent. *People v Adams*, 262 Mich App 89, 100; 683 NW2d 729 (2004).

At trial, there was no dispute defendant was ordered by the court to financially support his children. Defendant was aware of the child support order and was present at the hearing when the support order was entered. It is also undisputed that defendant failed to make the required child support payments between January 1, 2017, and February 1, 2019. Defendant did not challenge these facts during trial. Instead, defendant only contested the validity of the underlying child support order, arguing, as he does here, that the trial court lacked subject-matter jurisdiction because there was a pending case in the state of New York concerning the couple's divorce at the time Musser filed for divorce in Michigan.

In this state, the court that issues a child support order has continuing, exclusive jurisdiction over that support order and the related proceedings. Under MCL 552.2205(1):

> (1) A tribunal of this state that has issued a child-support order consistent with the law of this state has and shall exercise continuing, exclusive jurisdiction to modify its child-support order if the order is the controlling order and either of the following applies:

(a) At the time of the filing of a request for modification, this state is the residence of the obligor, the individual obligee, or the child for whose benefit the support order is issued.

(b) Even if this state is not the residence of the obligor, the individual obligee, or the child for whose benefit the support order is issued, the parties consent in a record or in open court that the tribunal of this state may continue to exercise jurisdiction to modify its order.

An impermissible collateral attack occurs "whenever challenge is made to [a] judgment *in any manner* other than through a direct appeal." *Iannucci*, 314 Mich App at 544-545 (quotation marks and citation omitted; emphasis added). Defendant's challenge to the validity of his child support order constitutes an impermissible collateral attack on the child support order because defendant did not challenge the support order on direct appeal, but rather sought to challenge it as a basis for dismissing the criminal charges against him. Defendant has not provided any authority supporting his position that he can collaterally attack the underlying support order—even on jurisdictional grounds—in his criminal prosecution. See *People v Smart*, 266 Mich App 307, 316; 703 NW2d 107 (2005) (concluding the defendant abandoned argument on appeal by "fail[ing] to cite specific supporting authority"). Accordingly, under *Iannucci*, defendant's challenge to the court's subject-matter jurisdiction to enter the support order was an impermissible collateral attack, and we affirm defendant's conviction.

Even if defendant's jurisdictional challenge to the support order was permissible in these collateral proceedings, defendant's argument that the Michigan court lacked jurisdiction to order child support is meritless. Defendant contends that under MCL 552.2204, the court did not have jurisdiction to enter the child support order because there was a pending matter in New York and Musser did not challenge jurisdiction in that state. Defendant, however, relies on the current version of MCL 552.2204,[1] which went into effect after the trial court entered the support order.[2] At the time the judgment of divorce and accompanying child support order were entered, MCL 552.2204, 2015 PA 255, stated, in relevant part:

(1) A tribunal of this state may exercise jurisdiction to establish a support order if the petition or comparable pleading is filed after a pleading is filed in another state or a foreign country only if 1 of the following applies:

(a) The petition or comparable pleading in this state is filed before the expiration of the time allowed in the other state or the foreign country for filing a

---

[1] 2017 PA 36, effective May 23, 2017.

[2] "Amendments of statutes are generally presumed to operate prospectively unless the Legislature clearly manifests a contrary intent." *People v Thomas*, 260 Mich App 450, 458; 678 NW2d 631 (2004) (quotation marks and citation omitted).

responsive pleading challenging the exercise of jurisdiction by the other state or the foreign country.

(b) The contesting party timely challenges the exercise of jurisdiction in the other state or foreign country.

(c) If relevant, this state is the home state of the child.[3]

Defendant does not dispute that at the time the support order was entered, Michigan was the home state of the children,[4] satisfying subsection (1)(c) of the statute. Accordingly, under the version of the statute in effect when the order was entered, the trial court properly exercised jurisdiction over the matter.

Affirmed.

/s/ Kristina Robinson Garrett
/s/ Kirsten Frank Kelly
/s/ Noah P. Hood

---

[3] Under the current version of MCL 552.2204(1), the court may exercise jurisdiction only if all three conditions, (a)-(c), are satisfied.

[4] This finding—that the children's home state was in Michigan—was also made by the court in New York when it dismissed the action in that state.