*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellant,

v

ZVI LEVRAN,

        Defendant-Appellee.

FOR PUBLICATION
December 03, 2024
10:15 AM

No. 370931
Oakland Circuit Court
LC No. 2023-286001-FC

Before: FEENEY, P.J., and O'BRIEN and WALLACE, JJ.

PER CURIAM.

The prosecution appeals by leave granted[1] an order denying the prosecution's motion to modify the standard jury instruction. We reverse.

Defendant, a medical doctor, is charged with two counts of first-degree criminal sexual conduct, MCL 750.520b(1)(f) (actor causes personal injury to victim and used force or coercion to accomplish sexual penetration), arising out of allegations he digitally penetrated a patient's vagina and anus without consent during a medical examination. The prosecution alleges that defendant, a urologist, engaged in medically unethical or unacceptable medical treatment when he coercively penetrated the victim's vagina and anus with his fingers and caused personal injury during a medical examination.

The prosecution filed a motion to modify the standard jury instruction, MI Crim JI 20.24(5), arguing the instruction currently requires the prosecution to prove defendant acted with a sexual purpose, which it contended was not part of the statute at issue, MCL 750.520b(1)(f)(*iv*). Following a hearing on the motion, the trial court concluded it was not appropriate to modify the jury instruction because "removing that language would lower the burden for the prosecution." The trial court also stated that it understood that "there [was] a conflict here in the law as to a specific requirement regarding the sexual purpose." It noted the prosecution was required to prove

---

[1] This Court granted the prosecution's application for leave to appeal on July 16, 2024. *People v Levran*, unpublished order of the Court of Appeals, entered July 16, 2024 (Docket No. 370931).

the medical treatment was done for a sexual purpose and believed the prosecution "would not have an issue moving [sic: meeting?] that standard." An order denying the prosecution's motion to modify the standard jury instruction was entered after the hearing.

The prosecution filed an application for leave to appeal and a motion for immediate consideration. Both were granted by this Court. *People v Levran*, unpublished order of the Court of Appeals, entered July 16, 2024 (Docket No. 370931). On appeal, the prosecution argues the trial court erred by denying its motion to modify the standard jury instruction because the jury instruction at issue, MI Crim JI 20.24(5), incorrectly states that a defendant must have penetrated a victim for a sexual purpose to be convicted of first-degree criminal sexual conduct. We agree.

"Jury instructions that involve questions of law are reviewed de novo." *People v McFall*, 309 Mich App 377, 382; 873 NW2d 112 (2015). Questions of statutory construction are reviewed de novo. *People v Kern*, 288 Mich App 513, 516; 794 NW2d 362 (2010). "De novo review means we review this issue independently, without any required deference to the courts below." *People v Bruner*, 501 Mich 220, 226; 912 NW2d 514 (2018).

The jury instruction at issue is MI Crim JI 20.24(5), which states:

It is enough force if the defendant was giving [name complainant] a medical exam or treatment and did so in a way or for a reason that is not recognized as medically acceptable. A physical exam by a doctor that includes inserting fingers into the vagina or rectum is not in itself criminal sexual conduct. You must decide whether the defendant did the exam or treatment as an excuse for sexual purposes and in a way that is not recognized as medically acceptable.

"Jury instructions must include all elements of the charged offenses and any material issues, defenses, and theories if there is evidence to support them." *People v Czuprynski*, 325 Mich App 449, 456; 926 NW2d 282 (2018). "It is error for the trial court to give an erroneous or misleading jury instruction on an essential element of the offense including when the misleading instruction is taken from the Criminal Jury Instructions." *People v Stephan*, 241 Mich App 482, 495-496; 616 NW2d 188 (2000) (quotation marks and citation omitted). The Michigan Supreme Court has not officially sanctioned the Criminal Jury Instructions. *Id*. at 495. "Where a Criminal Jury Instruction does not accurately state the law, it will be disavowed by the courts." *Id*. at 495. The use of the Michigan Criminal Jury Instructions is not required and trial courts are "encouraged to examine them carefully before using them, in order to ensure their accuracy and appropriateness to the case at hand." *People v Petrella*, 424 Mich 221, 277; 380 NW2d 11 (1985). Under MCR 2.512(D)(2), these model jury instructions must only be used if "(a) they are applicable, (b) they accurately state the applicable law, and (c) they are requested by a party."

To determine whether MI Crim JI 20.24(5) accurately states the applicable law, this Court must examine MCL 750.520b(1)(f)(*iv*), as defendant was charged with this form of first-degree criminal sexual conduct. In deciphering the language of a statute, the primary goal is to give the statute the effect the Legislature intended. *Stephan*, 241 Mich at 496. If the statute's language is clear and unambiguous, the legislative intent must be honored. *Id*. Courts should presume that every word in a statute has some meaning. *Id*. at 497. MCL 750.520(1)(f)(*iv*) states:

(1) A person is guilty of criminal sexual conduct in the first degree if he or she engages in sexual penetration with another person and if any of the following circumstances exists:

\* \* \*

(f) The actor causes personal injury to the victim and force or coercion is used to accomplish sexual penetration. Force or coercion includes, but is not limited to, any of the following circumstances:

\* \* \*

(*iv*) When the actor engages in the medical treatment or examination of the victim in a manner or for purposes that are medically recognized as unethical or unacceptable.

Sexual penetration is defined by MCL 750.520a(r) to mean "sexual intercourse, cunnilingus, fellatio, anal intercourse, or any other intrusion, however slight, of any part of a person's body or of any object into the genital or anal openings of another person's body, but emission of semen is not required." Notably, "sexual contact" is defined by MCL 750.520a(q) as:

the intentional touching of the victim's or actor's intimate parts or the intentional touching of the clothing covering the immediate area of the victim's or actor's intimate parts, if that intentional touching can reasonably be construed as being for the purpose of sexual arousal or gratification, done for a sexual purpose, or in a sexual manner for:

(*i*) Revenge.

(*ii*) To inflict humiliation.

(*iii*) Out of anger.

Neither MCL 750.520a(r) nor MCL 750.520(1)(f)(*iv*) states that sexual penetration must be done for the purpose of sexual arousal or gratification, for a sexual purpose, or in a sexual manner. This distinction was noted in *People v Lemons*, 454 Mich 234, 253-254; 562 NW2d 447 (1997), which states that second-degree criminal sexual conduct, which involves sexual contact rather than sexual penetration, requires "proof of intent not required" by first-degree criminal sexual conduct, that "defendant intended to seek sexual arousal or gratification." *Lemons* further stated that it is possible to commit first-degree criminal sexual conduct without committing second-degree criminal sexual conduct. *Id*. *Lemons* also stated that sexual penetration "can be for any purpose." *Id*. at 253. Therefore, it is clear that MCL 750.520(1)(f)(*iv*) does not require sexual penetration to be made for sexual arousal or gratification, for sexual purpose, or in a sexual manner.

The prosecution proposed the third sentence of MI Crim JI 20.24(5) be changed to: "You must decide whether the defendant did the exam or treatment in a manner or for purposes that are not recognized as medically ethical or acceptable." MI Crim JI 20.24(5)'s third sentence currently reads: "You must decide whether the defendant did the exam or treatment as an excuse for sexual

purposes and in a way that is not recognized as medically acceptable." The current instruction does not accurately state the applicable law, MCL 750.520(1)(f)(*iv*), because the force or coercion at issue in the statute is whether the actor engaged in the medical treatment or examination of the victim in a manner or for purposes that are medically recognized as unethical or unacceptable, not whether the medical examination or treatment was for sexual purposes. Thus, it raises the burden on the prosecution beyond which the statute requires.

In addition, the third sentence of the current jury instruction does not properly reflect that MCL 750.520(1)(f)(*iv*) states a violation has occurred when an actor "engages in the medical treatment of the victim or examination of the victim in a manner *or* for purposes that are medically recognized as unethical or unacceptable." (Emphasis added.) The language of the statute clearly and unambiguously states that a medical examination or treatment amounts to the requisite level of force if it is done in either a manner that is unethical or unacceptable *or* for purposes that are unethical or unacceptable. As MI Crim JI 20.24(5) is currently constructed, it does not accurately state the applicable law because it does not reflect the disjunctive aspect of MCL 750.520(1)(f)(*iv*).

Indeed, MI Crim JI 20.24(5) does not accurately state the applicable law, MCL 750.520(1)(f)(*iv*), in two ways. It incorrectly states that a defendant must have penetrated a victim for a sexual purpose to be convicted of first-degree criminal sexual conduct, and it does not reflect that a medical examination or treatment amounts to the requisite level of force if it is done in either a manner that is unethical or unacceptable *or* for purposes that are unethical or unacceptable.

In sum, while the current third sentence of MI Crim JI 20.24(5) does not accurately state the law, the prosecutor's proposed substitute sentence does accurately state the law. Therefore, on remand, the trial court shall modify the instruction accordingly.

Reversed and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.

/s/ Kathleen A. Feeney
/s/ Colleen A. O'Brien
/s/ Randy J. Wallace

-4-